IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x
                                         :

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. | : | Case No. 13-13361 (MFW) |
| | : | |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN DEFENSE & SECURITY SERVICES, INC. | : | Case No. 13-13362 (MFW) |
| | : | |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN INTERNATIONAL AIRLINES, INC. | : | Case No. 13-13363 (MFW) |
| | : | |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN INTERNATIONAL AVIATION, INC. | : | Case No. 13-13364 (MFW) |
| | : | |
| | : | |
| | : | |
| Debtor. | : | |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -     x
                                         :

| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN SYSTEMS LOGISTICS, INC. | : | Case No. 13-13365 (MFW) |
| | : | |
| | : | |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN TRADE INC. | : | Case No. 13-13366 (MFW) |
| | : | |
| | : | |
| | : | |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |
| | : | |
| In re: | : | Chapter 7 |
| | : | |
| SUPERTANKER SERVICES, INC. | : | Case No. 13-13367 (MFW) |
| | : | |
| | : | |
| | : | |
| Debtor. | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | x | |

## GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

### Introduction

Evergreen Aviation Ground Logistics Enterprise, Inc., Evergreen Defense & Security Services, Inc., Evergreen International Airlines, Inc., Evergreen International Aviation, Inc., Evergreen Systems Logistics, Inc., Evergreen Trade Inc. and Supertanker Services, Inc. (collectively, the "Debtors" ) with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities (the "*Schedules*") and Statements of Financial Affairs (the "*Statements*, and together with the Schedules, the "*Schedules and Statements*") with the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*"), pursuant to section 521 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

These Global Notes, Methodology, and Specific Disclosures Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "*Global Notes*") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("*GAAP*"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publically filed or otherwise).   Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, and reflect the Debtors' reasonable best efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied upon information derived from their books and records that was available at the time of such preparation.   Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate.   Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

The Schedules and Statements have been signed by the following members of the Debtors' senior management:

1.   Evergreen Aviation Ground Logistics Enterprise, Inc. – Samuel Wright, President

2.   Evergreen Defense & Security Services, Inc. – Ryan Smith, Chief Financial Officer and Treasurer

3.   Evergreen International Airlines, Inc. - Ryan Smith, Chief Financial Officer and Treasurer

4.   Evergreen International Aviation, Inc. - Ryan Smith, Chief Financial Officer and Treasurer

5.   Evergreen Systems Logistics, Inc. - Ryan Smith, Chief Financial Officer and Treasurer

6.   Evergreen Trade, Inc. - Michael A. Hines, President

7.   Supertanker Services, Inc. - Ryan Smith, Chief Financial Officer and Treasurer

These individuals have relied upon the efforts, statements, and representations of various personnel employed by the Debtors and their advisors, and they have not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

## Global Notes and Overview of Methodology

**1.      Reservation of Rights**.  Reasonable best efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to claim ("***Claim***") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' chapter 7 cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, Schedule B, Schedule F or Statement 3(c)) by the Debtors of any obligation between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in the Debtors' books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court.  The Debtors reserve all rights with respect to such obligations.

**2.      Description of Cases and "as of" Information Date**.  On December 31, 2013 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code.

**The asset information provided herein, except as otherwise noted, represents the asset data of the Debtors as of November 30, 2013, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of December 30, 2013.**

**3.      Net Book Value of Assets**.  It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of November 30, 2013, in the Debtors' books and records.  Furthermore, as applicable, assets that have fully depreciated or were expensed for accounting purposes do not appear in the Schedules and Statements as they have no net book value.  The Debtors reserve their right to amend or adjust the value of each asset or liability set forth herein.

4.     **Recharacterization**.  Notwithstanding the Debtors' reasonable best efforts to properly characterize, classify, categorize or designate certain Claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

5.     **Intercompany and Other Transfers**.  For certain reporting and internal accounting purposes, the Debtors record certain intercompany receivables and payables.  Receivables and payables among the Debtors are reported as assets on Schedule B or liabilities on Schedule F as appropriate (collectively, the "Intercompany Claims").  Intercompany Claims are reported as of November 30, 2013 and any intercompany transfers of proceeds from the sale of assets that occurred subsequent to this date are not reflected in the Intercompany Claims. While the Debtors have used commercially reasonable efforts to ensure that the proper intercompany balance is attributed to each legal entity, the Debtors and their estates reserve all rights to amend the Intercompany Claims in the Schedules and Statements, including, without limitation, to change the characterization, classification, categorization or designation of such claims, including, but not limited to, the right to assert that any or all Intercompany Claims are, in fact, consolidated or otherwise properly assets or liabilities of a different Debtor entity.  Although separate Schedules and Statements have been prepared and filed for each of the Debtors, certain of the information set forth in the Schedules and Statements has been prepared on a consolidated basis.  As a result, the Schedules and Statements do not reflect all intercompany activity.

6.     **Real Property and Personal Property–Leased**.  In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including vehicles, fixtures, and equipment, from certain third-party lessors.  The Debtors have made reasonable efforts to list all such leases in the Schedules and Statements.  The Debtors have made reasonable efforts to include lease payments on Schedule D (secured debt) to the extent the lessor filed a UCC-1.  However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether to assume and assign or reject such lease or whether it is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to all such issues.

7.     **Excluded Assets and Liabilities**.  The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements.  The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that may be rejected, to the extent such damage Claims exist.  In addition, certain immaterial assets and liabilities may have been excluded.

8.     **Insiders**.  Solely, for purposes of the Schedules and Statements, the Debtors define "insiders" to include the following:  (a) directors; (b) equity holders holding in excess of 5% of the voting securities the Debtor entities; (c) Debtor/non-Debtor affiliates; and (d) relatives of any of the foregoing (to the extent known by the Debtors).

Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

9.    **Intellectual Property Rights**. Exclusion of certain intellectual property shall not be construed as an admission that such intellectual property rights have been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, terminated, assigned, expired by their terms, or otherwise transferred pursuant to a sale, acquisition, or other transaction.

In addition, although the Debtors have made diligent efforts to attribute intellectual property to the rightful Debtor entity, in certain instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or by an affiliate. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

10.    **Executory Contracts and Unexpired Leases**. Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Moreover, the Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and Statements, even though these contracts and leases may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases may result in the assertion of rejection damage claims; the Schedules and Statements do not reflect any claims for rejection damages. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

11.    **Materialman's/Mechanic's Liens**. The assets listed in the Schedules and Statements are presented without consideration of any materialman's or mechanic's liens.

12.    **Classifications**. Listing a Claim or contract on (a) Schedule D as "secured," (b) Schedule E as "priority," (c) Schedule F as "unsecured," or (d) on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or to setoff of such Claims.

13.    **Claims Description**. Schedules D, E, and F permit each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or

"unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including liability or classification.  Additionally, the Debtors expressly reserve all of their rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated."  Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

14.    **Causes of Action**.  Despite their reasonable best efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third-parties as assets in the Schedules and Statements, including, without limitation, causes of actions arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-Claim, counter-Claim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "***Causes of Action***") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

15.    **Summary of Significant Reporting Policies**.  The following is a summary of significant reporting policies:

      a.    <u>Undetermined Amounts</u>.  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

      b.    <u>Totals</u>.  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

      c.    <u>Liens</u>.  Property and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

16.    **Estimates and Assumptions**.  Because of the timing of the filings, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  Actual results could differ from those estimates, perhaps materially.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions.

**17.**    **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

**18.**    **Setoffs**.  The Debtors incur certain offsets and other similar rights during the ordinary course of business.  These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately.  Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Debtors' Schedules and Statements.

**19.**    **Global Notes Control**.  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**Specific Disclosures with Respect to the Debtors' Schedules**

**Schedule A**.  For those Debtors that own real property, such owned real estate is reported at book value, net of accumulated depreciation unless otherwise noted.  This amount may be materially different from the fair market value of such real estate.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

**Schedule B**.  All values set forth in Schedule B reflect the book value of the Debtors' assets as of November 30, 2013 unless otherwise noted below.

> **Schedule B2**.  Cash values held in financial accounts are listed on Schedule B2 as of December 30, 2013.

> **Schedule B9**.  The Debtors maintain certain insurance policies.  The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the Debtors.  The Debtors maintain various policies of insurance, including, but not limited to, property, casualty, motor vehicles, workers' compensation, general liability, employer's practice liabilities and director and officer liability.

> **Schedules B18 and B21**.  The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim.

> **Schedule B21**.  In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-Claims, setoffs, refunds, or potential warranty Claims against their suppliers.  Additionally, certain of the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counter-Claims as a defendant.  Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B21.

**Schedule B22**.  Patents, Trademarks, and other Intellectual Property listed in Schedules B22 as an undetermined amount on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.  Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

**Schedule D**.  The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive.  Accordingly, not all such dates are included for each Claim.  All Claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Except as otherwise agreed, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors have scheduled Claims of various creditors as secured Claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.  The descriptions provided on Schedule D are solely intended to be a summary—and not an admission—of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated on Schedule D, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D.  The Debtors reserve all of their rights to amend Schedule D to the extent that the Debtors determine that any Claims associated with such agreements should be reported on Schedule D.  Nothing herein shall be construed as an admission by the Debtors of the legal rights of the Claimant or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

The amounts outstanding under the Debtors' prepetition secured credit facilities reflect approximate amounts as of the Petition Date.

**Schedule E**.  The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority treatment under 11 U.S.C. § 507.  The Debtors reserve their right to dispute the priority status of any claim on any basis. In addition to the claims listed on Schedule E, certain employees may also hold claims against the Debtors unpaid vacation time.  Employee addresses have been intentionally omitted because of privacy concerns.

**Schedule F**.  The Debtors have used best reasonable best efforts to report all general unsecured Claims against the Debtors on Schedule F based upon the Debtors' existing books and records as of the Petition Date.

The Claims listed on Schedule F arose or were incurred on various dates.  In certain instances, the date on which a Claim arose is an open issue of fact.  Although reasonable efforts have been made to identify the date of incurrence of each Claim, determining the date upon which each Claim on Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each Claim listed on Schedule F.

Schedule F contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.  Some of the litigation Claims listed on Schedule F may be subject to subordination pursuant to section 510 of the Bankruptcy Code.

The Debtors expressly incorporate by reference into Schedule F all parties to pending litigation listed in 4(a) of the Debtors' Statements as contingent, unliquidated, and disputed claims, to the extent not already listed on Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Additionally, Schedule F does not include potential rejection damage Claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected.

**Schedule G**.  Although the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors and diligent efforts have been made to ensure the accuracy of each Debtor's Schedule G, inadvertent errors, omissions or over-inclusions may have occurred.  Certain information, such as the contact information of the counter-party, may not be included where such information could not be obtained using the Debtors' reasonable efforts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement Schedule G as necessary.  Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth separately on Schedule G.

Certain of the contracts and agreements listed on Schedule G may consist of several parts, including, purchase orders, amendments, restatements, waivers, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement or multiple, severable or separate contracts.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The Debtors reserve all of their rights, Claims and causes of action with respect to the contracts on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.  The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.  Schedule G may be amended at any time to add any omitted contract, agreement or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Schedule H**.  For purposes of Schedule H, the Debtors that are either the principal obligors or guarantors under the prepetition debt facilities are listed as Co-Debtors on Schedule H.  The Debtors may not have identified certain guarantees associated with the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

Although there are multiple lenders under the Debtors' prepetition debt facilities, only the administrative agents have been listed for purposes of Schedule H.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-Claims and counter-Claims against other parties.  Because all such Claims are contingent, disputed, or unliquidated, such Claims have not been set forth individually on Schedule H.  Litigation matters can be found on each Debtor's Schedule F and Statement 4a, as applicable.

**Specific Disclosures with Respect to the Debtors' Statements**

**Statement 3b**.  Statement 3b includes any disbursement or other transfer made by the Debtors except for those made to statutory employees.  All disbursements listed on Statement 3b are made through the Debtors' cash management system.  Additionally, all disbursement

information reported in Statement 3b for a specific Debtor pertains to the bank accounts maintained by that respective Debtor.

**Statement 3c**.  Statement 3c accounts for a respective Debtor's intercompany transactions, as well as other transfers to insiders, as applicable.  In the ordinary course of business certain of the Debtor entities and business divisions maintain business relationships with each other, resulting in intercompany receivables and payables (the "***Intercompany Claims***").  With respect to Intercompany Claims between Debtors, Statement 3c reflects the book value adjustment by month of such transfers rather than an actual transfer of funds from one Debtor entity to another.

**Statement 4a**.  Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum.  Additionally, any information contained in Statement 4a shall not be a binding representation of the Debtors' liabilities with respect to any of the suits and proceedings identified therein.

**Statement 5**.  Statement 5 excludes goods returned in the ordinary course of business.

**Statement 8**.  The Debtors occasionally incur losses for a variety of reasons, including theft and property damage.  The Debtors, however, may not have records of all such losses as to the extent such losses do not have a material impact on the Debtors' businesses or are not reported for insurance purposes.

**Statement 13**.  The Debtors routinely incur certain setoffs in the ordinary course of business.  Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for when, and as such, are excluded from the Schedules and Statements.

**Statement 23**.  Unless otherwise indicated in a Debtor's specific response to Statement 23, the Debtors have included a comprehensive response to Statement 23 in Statement 3c.

The Debtors, their officers, employees, agents, attorneys and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys and financial advisors expressly do not undertake any obligation to update, modify revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  The Debtors, on behalf of themselves, their officers, employees, agents and advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

# UNITED STATES BANKRUPTCY COURT

## District of Delaware

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.

Debtor

Case No.   13-13364

Chapter   11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $15,212,012.00 | | |
| B - Personal Property | YES | 5 | $235,445,955.44 | | |
| C - Property Claimed as Exempt | NO | | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $105,046,431.31 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $8,834.36 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 23 | | $122,604,081.98 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 2 | | | |
| I - Current Income of Individual Debtor(s) | NO | | | | |
| J - Current Expenditures of Individual Debtors(s) | NO | | | | |
| | | 37 | $250,657,967.44 | $227,659,347.65 | |

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364
_____                  _____
                          Debtor                                        (if known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 3500 THREE MILE LANE, MCMINNVILLE, OR 97128 | FEE SIMPLE | | $176,321.00 | UNKNOWN |
| 3600 THREE MILE LANE, MCMINNVILLE, OR 97128 | FEE SIMPLE | | $625,550.00 | UNKNOWN |
| 3800 THREE MILE LANE, MCMINNVILLE, OR 97128 | FEE SIMPLE | | $14,193,663.00 | UNKNOWN |
| 3850 THREE MILE LANE, MCMINNVILLE, OR 97128 | FEE SIMPLE | | $216,478.00 | UNKNOWN |
| 3930 THREE MILE LANE, MCMINNVILLE, OR 97128 | FEE SIMPLE | | $0.00 | UNKNOWN |
| 3950 THREE MILE LANE, MCMINNVILLE, OR 97128 | FEE SIMPLE | | $0.00 | UNKNOWN |
| | | Total | $15,212,012.00 | |

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364
_____                          _____
                    Debtor                                           (if known)

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  CASH ON HAND. | X | | | |
| 2.  CHECKING, SAVINGS OR OTHER FINANCIAL ACCOUNTS, CERTIFICATES OF DEPOSIT, OR SHARES IN BANKS, SAVINGS AND LOAN, THRIFT, BUILDING AND LOAN, AND HOMESTEAD ASSOCIATIONS, OR CREDIT UNIONS, BROKERAGE HOUSES, OR COOPERATIVES. | | JP MORGAN AS EA FOR EAC ACQUISITION CORP - INDEMNIFICATION BANK ACC NO XXX1835 | | $3,500,605.63 |
| | | JP MORGAN AS EA FOR EAC ACQUISITION CORP - WORKING CAPITAL BANK ACC NO. XXX1827 | | $1,500,259.67 |
| | | UMPQUA BANK ACC NO. XXX9681  - EA WIRE ACCOUNT | | $87,868.25 |
| | | UMPQUA BANK ACC NO. XXX4753  - EA PAYROLL ACCOUNT | | $23,109.98 |
| | | UMPQUA BANK ACC NO. XXX9665  - EA COLLECTION ACCOUNT | | $22,521.17 |
| | | UMPQUA BANK ACC NO. XXX1446  - EA HEALTH INSURANCE ACCOUNT | | $3,761.79 |
| | | UMPQUA BANK ACC NO. XXX9657  - EA CONCENTRATION ACCOUNT | | $50.97 |
| | | UMPQUA BANK ACC NO. XXX7987  - EA MONEY MARKET ACCOUNT | | $1.41 |
| 3.  SECURITY DEPOSITS WITH PUBLIC UTILITIES, TELEPHONE COMPANIES, LANDLORDS, AND OTHERS. | | GC AIR LLC - N300EV - N300EV | | $1,110,000.00 |
| | | GE CAPITAL - L/C #-SB000303 & 304 | | $1,050,000.00 |
| | | GC AIR LLC - SN1332 & N367EV | | $930,000.00 |
| | | GC AIR LLC - SN1201 & N366EV | | $860,000.00 |
| | | GE - SEC-DEP N415EV | | $400,000.00 |
| | | GE HELICOPTERS - N8227J | | $179,557.00 |

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.      Case No.    13-13364

        Debtor                                          (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | SOUTHERN BUILDING - OFFICE SPACE DEPOSIT | | $8,428.88 |
| 4.  HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING AUDIO, VIDEO, AND COMPUTER EQUIPMENT. | X | | | |
| 5.  BOOKS, PICTURES AND OTHER ART OBJECTS, ANTIQUES, STAMP, COIN, RECORD, TAPE, COMPACT DISC, AND OTHER COLLECTIONS OR COLLECTIBLES. | X | | | |
| 6.  WEARING APPAREL. | X | | | |
| 7.  FURS AND JEWELRY. | X | | | |
| 8.  FIREARMS AND SPORTS, PHOTOGRAPHIC, AND OTHER HOBBY EQUIPMENT. | X | | | |
| 9.  INTERESTS IN INSURANCE POLICIES. NAME INSURANCE COMPANY OF EACH POLICY AND ITEMIZE SURRENDER OR REFUND VALUE OF EACH. | X | | | |
| 10. ANNUITIES.  ITEMIZE AND NAME EACH INSURER. | X | | | |
| 11. INTERESTS IN AN EDUCATION IRA AS DEFINED IN 26 U.S.C. § 530(b)(1) OR UNDER A QUALIFIED STATE TUITION PLAN AS DEFINED IN 26 U.S.C. § 529(b)(1). GIVE PARTICULARS.  (FILE SEPARATELY THE RECORD(S) OF ANY SUCH INTEREST(S). 11 U.S.C. § 521(c)  RULE 1007(B)) | X | | | |
| 12. INTERESTS IN IRA, ERISA, KEOGH, OR OTHER PENSION OR PROFIT SHARING PLANS.  ITEMIZE. | X | | | |
| 13. STOCK AND INTERESTS IN INCORPORATED BUSINESSES.  ITEMIZE. | | 100% INTEREST IN EVERGREEN AGRICULTURAL ENTERPRISES, INC.  100% INTEREST IN EVERGREEN AIRLINES, INC.  100% INTEREST IN EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. | | UNKNOWN  UNKNOWN  UNKNOWN |

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364
_____                 _____
                        Debtor                                         (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | 100% INTEREST IN EVERGREEN SYSTEMS LOGISTICS, INC. | | UNKNOWN |
| | | 100% INTEREST IN EVERGREEN TRADE, INC. | | UNKNOWN |
| | | 100% INTEREST IN SUPERTANKER SERVICES, INC. | | UNKNOWN |
| 14. INTERESTS IN PARTNERSHIPS OR JOINT VENTURES.  ITEMIZE. | X | | | |
| 15. GOVERNMENT AND CORPORATE BONDS AND OTHER NEGOTIABLE AND NON-NEGOTIABLE INSTRUMENTS. | X | | | |
| 16. ACCOUNTS RECEIVABLE. | | INTERCOMPANY RECEIVABLE - EVERGREEN INTERNATIONAL AIRLINES, INC. | | $163,297,131.23 |
| | | ACCOUNT RECEIVABLE - EVERGREEN VINTAGE AIRCRAFT, INC. | | $55,392,941.35 |
| | | INTERCOMPANY RECEIVABLE - EVERGREEN AGRICULTURAL ENTERPRISES, INC. | | $2,633,093.93 |
| | | INTERCOMPANY RECEIVABLE - EVERGREEN DEFENSE & SECURITY SERVICES, INC. | | $1,338,038.49 |
| | | ACCOUNT RECEIVABLE - GREENPATCH | | $21,748.10 |
| 17. ALIMONY, MAINTENANCE, SUPPORT, AND PROPERTY SETTLEMENTS TO WHICH THE DEBTOR IS OR MAY BE ENTITLED. GIVE PARTICULARS. | X | | | |
| 18. OTHER LIQUIDATED DEBTS OWING DEBTOR INCLUDING TAX REFUNDS.  GIVE PARTICULARS. | | INCOME TAX RECEIVABLE | | UNKNOWN |
| 19. EQUITABLE OR FUTURE INTERESTS, LIFE ESTATES, AND RIGHTS OR POWERS EXERCISABLE FOR THE BENEFIT OF THE DEBTOR OTHER THAN THOSE LISTED IN SCHEDULE OF REAL PROPERTY. | X | | | |
| 20 CONTINGENT AND NON-CONTINGENT INTERESTS IN ESTATE OF A DECEDENT, DEATH BENEFIT PLAN, LIFE INSURANCE POLICY, OR TRUST. | X | | | |

Schedule of Personal Property -
Sheet no. 3 of 5

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.    13-13364
_____                              _____
Debtor                                                                        (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE, INCLUDING TAX REFUNDS, COUNTERCLAIMS OF THE DEBTOR, AND RIGHTS TO SETOFF CLAIMS.  GIVE ESTIMATED VALUE OF EACH. | X | | | |
| 22. PATENTS, COPYRIGHTS, AND OTHER INTELLECTUAL PROPERTY.  GIVE PARTICULARS. | | PATENTS & TRADEMARKS - SEE ATTACHED EXHIBIT B22 | | UNKNOWN |
| 23. LICENSES, FRANCHISES, AND OTHER GENERAL INTANGIBLES.  GIVE PARTICULARS. | X | | | |
| 24. CUSTOMER LISTS OR OTHER COMPILATIONS CONTAINING PERSONALLY IDENTIFIABLE INFORMATION PROVIDED TO THE DEBTOR BY INDIVIDUALS IN CONNECTION WITH OBTAINING A PRODUCT OR SERVICE FROM THE DEBTOR PRIMARILY FOR PERSONAL, FAMILY, OR HOUSEHOLD PURPOSES. | X | | | |
| 25. AUTOMOBILES, TRUCKS, TRAILERS, OTHER VEHICLES AND ACCESSORIES. | X | | | |
| 26. BOATS, MOTORS, AND ACCESSORIES. | X | | | |
| 27. AIRCRAFT AND ACCESSORIES. | | AIRCRAFT, AIRCRAFT ENGINES & ROTABLE PARTS (NET OF DEPRECIATION) | | $374,000.00 |
| 28. OFFICE EQUIPMENT, FURNISHINGS, AND SUPPLIES. | X | | | |
| 29. MACHINERY, FIXTURES, EQUIPMENT AND SUPPLIES USED IN BUSINESS. | | MACHINERY & EQUIPMENT (NET OF DEPRECIATION) | | $380,000.00 |
| | | CONSTRUCTION IN PROGRESS (NET OF DEPRECIATION) | | $1,000.00 |
| 30. INVENTORY. | X | | | |
| 31. ANIMALS. | X | | | |

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364
_____                              _____
Debtor                                                                      (if known)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32. CROPS - GROWING OR HARVESTED. GIVE PARTICULARS. | X | | | |
| 33. FARMING EQUIPMENT AND IMPLEMENTS. | X | | | |
| 34. FARM SUPPLIES, CHEMICALS, AND FEED. | X | | | |
| 35. OTHER PERSONAL PROPERTY OF ANY KIND NOT ALREADY LISTED.  ITEMIZE. | | GULFSTREAM DEFERRED OVERHAULS - GULFSTREAM EXPENSES | | $1,000,598.19 |
| | | PREPAID WORKERS COMP | | $381,713.19 |
| | | PREPAID LARGE FIXED WING INSURANCE | | $332,590.44 |
| | | EHI/EAC CHARGES - EHI PRE-SALE CHARGES RECOUPMENT | | $272,158.10 |
| | | PREPAID RENT - CITY OF MCMINNVILLE | | $216,707.52 |
| | | PREPAID AUTO INSURANCE | | $67,944.67 |
| | | PREPAID OTHER | | $55,130.33 |
| | | PREPAID PROPERTY INSURANCE | | $4,995.15 |
| | | | Total | $235,445,955.44 |

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

**EVERGREEN INTERNATIONAL AVIATION, INC**
**SCHEDULE B22 EXHIBIT**

**PATENTS**

| Country | Title | Patent No. (App. No.) | Issue Date (Filing Date) | Status |
|---|---|---|---|---|
| United States | Enhances Aerial Delivery System | 7,819,362 | 10/26/2010 | Issued |
| United States | Enhances Aerial Delivery System | 12/892,062 | 8/24/2010 | Pending |
| United States | Enhances Aerial Delivery System | 12/837,181 | 7/15/2010 | Pending |
| Australia | Enhances Aerial Delivery System | 2008221264 | 3/3/2008 | Pending |
| Canada | Enhances Aerial Delivery System | 2678763 | 3/3/2008 | Pending |
| Canada | Enhances Aerial Delivery System | 2771149 | 3/3/2008 | Pending |
| Canada | Enhances Aerial Delivery System | 2771142 | 3/3/2008 | Pending |
| European Patent Convention | Enhances Aerial Delivery System | 2008731300.3 | 3/3/2008 | Pending |
| European Patent Convention | Method of Aerial Release of Material | 1644246 | 8/10/2011 | Issued |
| Patent Cooperation Treaty | Enhances Aerial Delivery System | 2008US55725 | 3/3/2008 | National Phase in Canada and EPO |
| Hong Kong | Enhances Aerial Delivery System | 10104554.8 | 5/11/2010 | Pending |
| United States | Aerial Delivery System | 7748662 | 7/6/2010 | Issued |
| United States | Aerial Delivery System | 7,413,145 | 8/19/2008 | Issued |
| European Patent Convention | Aerial Delivery System | 2004776537 | 6/14/2004 | Pending |
| Patent Cooperation Treaty | Aerial Delivery System | 2004US18846 | 6/14/2004 | National Phase in jurisdictions listed above |

**TRADEMARKS**

| Country | Title | Patent No. (App. No.) | Issue Date (Filing Date) | Status |
|---|---|---|---|---|
| United States | EVERGREEN | 1,149,162 | 3/24/1981 | Registered |
| United States | QUALITY WITHOUT COMPROMISE | 1,142,111 | 12/2/1980 | Registered |
| United States | SUPERTANKER | 3,610,557 | 4/21/2009 | Registered |
| United States | EVERGREEN and design | 85/157,524 | 10/20/2010 | Allowed |
| United States | EVERGREEN SUPERTANKER | 77/796954 | 8/4/2009 | Allowed |

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                                    Case No.    13-13364
_____                                _____
                          Debtor                                                                   (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  WILMINGTON TRUST BANK, N.A., AS ADMIN AGENT FOR SECOND LIEN LENDERS ATTN: CORPORATE TRUST DEPT. RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON, DE  19890 | X | | SECOND SECURED LIEN | | X | | $89,725,074.91 | UNKNOWN |
| | | | VALUE:  UNKNOWN | | | | | |

Schedule of Creditors Holding Secured Claims -
Sheet no. 1 of 2

|  | Subtotal (Total of this page) | $89,725,074.91 | $0.00 |
|---|---|---|---|

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.          Case No.   13-13364
_____          _____
                         Debtor                                              (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>WELLS FARGO BANK, N.A., AS ADMIN AGENT FOR FIRST LIEN LENDERS ANDREW J. NYQUIST, VICE PRESIDENT 625 MARQUETTE AVENUE, 11TH FLOOR MAC N9311-110 MINNEAPOLIS, MN  55402 | X | | FIRST SECURED LIEN<br><br>VALUE:  UNKNOWN | | X | | $11,121,356.40 | UNKNOWN |
| ACCOUNT NO.<br><br>ANDREW MARTIN 5905 SE COLUMBIA WAY, UNIT 302 VANCOUVER, WA  98661 | | | SECURED MORTGAGE<br><br>VALUE:  UNKNOWN | | | X | $4,200,000.00 | UNKNOWN |
| ACCOUNT NO.<br><br>PRIME ALLIANCE BANK 1868 S. 500 W. WOODS CROSS  UT 84087 | | | UCC LIEN<br><br>VALUE:  UNKNOWN | X | X | X | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>SUMMIT FUNDING GROUP, INC. ONE NORTHLAKE PLACE SUITE 300 CINCINNATI  OH 45249 | | | UCC LIEN<br><br>VALUE:  UNKNOWN | X | X | X | UNKNOWN | UNKNOWN |
| ACCOUNT NO.<br><br>US BANCORP 1310 MADRID STREET MARSHALL  MN 56258 | | | UCC LIEN<br><br>VALUE:  UNKNOWN | X | X | X | UNKNOWN | UNKNOWN |

Schedule of Creditors Holding Secured Claims -
Sheet no. 2 of 2

|  | | |
|---|---|---|
| Subtotal (Total of this page) | $15,321,356.40 | $0.00 |
| Total (Use only on last page) | $105,046,431.31 | $0.00 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re:  EVERGREEN INTERNATIONAL AVIATION, INC. _____     Case No.  13-13364 _____
_____Debtor_____                                (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐    **Domestic Support Obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐    **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.                          Case No.   13-13364
\hfill Debtor \hfill (if known)

☑   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a) (6).

☐   **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

**\*** *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.       Case No.  13-13364
           Debtor                                                (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> JEFFERSON COUNTY TAX ASSESSOR-COLLECTOR PO BOX 2112 BEAUMONT, TX  77704-2112 | | | TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO.20519 <br><br> MARCELLE CHILDS | | | EMPLOYEE | | | | $1,837.00 | $1,837.00 | $0.00 |
| ACCOUNT NO.63478 <br><br> MARY ERRAND | | | EMPLOYEE | | | | $1,242.00 | $1,242.00 | $0.00 |
| ACCOUNT NO.61183 <br><br> MONIQUE GREGORY | | | EMPLOYEE | | | | $2,560.44 | $2,560.44 | $0.00 |
| ACCOUNT NO.20434 <br><br> PEGGY FARR | | | EMPLOYEE | | | | $2,949.00 | $2,949.00 | $0.00 |
| ACCOUNT NO.62233 <br><br> ROSE COMACHO | | | EMPLOYEE | | | | $245.92 | $245.92 | $0.00 |
| ACCOUNT NO. <br><br> SNOHOMISH COUNTY TREASURER PO BOX 34171 SEATTLE, WA  98124-1171 | | | TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. <br><br> STATE OF RHODE ISLAND DIVISION OF TAXATION ONE CAPITOL HILL, SUITE 9 PROVIDENCE, RI  02908-5811 | | | TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |
| ACCOUNT NO. <br><br> YAMHILL COUNTY COURTHOUSE ASSESSOR'S OFFICE ROOM 42 535 NE 5TH ST MCMINNVILLE, OR  97128 | | | TAX | X | X | X | UNKNOWN | UNKNOWN | UNKNOWN |

Schedule of Creditors Holding Unsecured Priority Claims - Sheet no. 3 of 3

| | Subtotal (Totals of this page) | $8,834.36 | $8,834.36 | $0.00 |
|---|---|---|---|---|
| | Total (Use only on last page of the completed Schedule E. Report also on  the Summary of Schedules.) | $8,834.36 | | |
| | Totals (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $8,834.36 | $0.00 |

In re:  EVERGREEN INTERNATIONAL AVIATION, INC. _____    Case No.   13-13364 _____
_____Debtor_____                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule.  Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>1ST SOURCE BANK, ETC.<br>C/O  KATHRYN P. SALYER<br>TOMASI SALYER BARO WAY<br>121 SW MORRISON STREET, SUITE 1850<br>PORTLAND, OR  97204-3136 | | | LITIGATION | X | X | X | $5,944,729.52 |
| ACCOUNT NO.<br><br>ABS FINANCE (RICOH USA INC.)<br>21146 NETWORK PLACE<br>CHICAGO, IL  60673-1211 | | | AP VENDOR | | | | $1,479.02 |
| ACCOUNT NO.<br><br>ABSO (PHENIX GROUP)<br>ONE STATE ST<br>24TH FLOOR<br>NEW YORK, NY  10004 | | | AP VENDOR | | | | $47,540.70 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 1 of 23

Subtotal       $5,993,749.24

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.                     Case No.   13-13364
_____                   _____
                          Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>ACCESSORY ONE<br>1123 SE 23RD AVENUE<br>PORTLAND, OR  97214 | | | AP VENDOR | | | | $2,811.10 |
| ACCOUNT NO.<br><br>ACE INSURANCE<br>ACE USA, DEPT. CH 10123<br>PALATINE, IL  60055-0123 | | | AP VENDOR | | | | $214,910.29 |
| ACCOUNT NO.<br><br>ADAGER<br>PO BOX 430053<br>OFFICE 4826<br>PORTLAND, OR  97208 | | | AP VENDOR | | | | $2,585.00 |
| ACCOUNT NO.<br><br>AFS/IBEX FINANCIAL SERVICES INC.<br>PO BOX 660037<br>DALLAS, TX  75266-0037 | | | AP VENDOR | | | | $605,569.16 |
| ACCOUNT NO.<br><br>ALASKA COMMUNICATIONS<br>PO BOX 196666<br>ANCHORAGE, AK  99519-6666 | | | AP VENDOR | | | | $4,865.49 |
| ACCOUNT NO.<br><br>ALL OUT FIRE AND PROTECTION<br>PO BOX 4460<br>SALEM, OR  97302 | | | AP VENDOR | | | | $1,024.60 |
| ACCOUNT NO.<br><br>AMERICAN LEAK DETECTION<br>2821 BULLOCK ROAD<br>MEDFORD, OR  97504 | | | AP VENDOR | | | | $1,045.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 2 of 23

Subtotal       $832,810.64

In re:  EVERGREEN INTERNATIONAL AVIATION, INC. _____    Case No.  13-13364
_____    _____
                          Debtor                                           (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>AMSAN, LLC (CASCADE JANITORIAL)<br>PO BOX 60000<br>FILE #30477<br>SAN FRANCISCO, CA  94160 | | | AP VENDOR | | | | $7,848.03 |
| ACCOUNT NO.<br><br>ARMANINO KCKENNA LLP<br>12667 ALCOSTA BLVD<br>SUITE 500<br>SAN RAMON, CA  94583 | | | AP VENDOR | | | | $26,100.00 |
| ACCOUNT NO.<br><br>AT & T<br>220 N MERIDIAN ST<br>INDIANAPOLIS, IN  46204-1915 | | | AP VENDOR | | | | $105,337.07 |
| ACCOUNT NO.<br><br>AUFDERMAUTER PEARCE COURT REPORTING INC<br>PO BOX 8484<br>PORTLAND, OR  97207-8484 | | | AP VENDOR | | | | $2,420.50 |
| ACCOUNT NO.<br><br>AVTECH SOFTWARE INC.<br>16 CUTLER ST, CUTLER MILL<br>WARREN, RI  02885-2761 | | | AP VENDOR | | | | $145.00 |
| ACCOUNT NO.<br><br>BANNER BANK, ETC.<br>C/O  MICHAEL B. MERCHANT<br>BLACK HELTERLINE LLP<br>805 SW BROADWAY, STE. 1900<br>PORTLAND, OR  97205 | | | LITIGATION | X | X | X | UNKNOWN |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 3 of 23

Subtotal          $141,850.60

In re:  EVERGREEN INTERNATIONAL AVIATION, INC. _____  Case No.   13-13364 _____
                                    Debtor                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>BARRAN LIEBMAN<br>601 SW SECOND AVENUE, STE 2300<br>PORTLAND, OR  97204-3159 | | | AP VENDOR | | | | $280,928.61 |
| ACCOUNT NO.<br>BARTLING INSURANCE GROUP<br>1176 MAIN ST, STE A1<br>IRVINE, CA  92614 | | | AP VENDOR | | | | $244,600.72 |
| ACCOUNT NO.<br>BATTERIES PLUS<br>3045 LANCASTER DRIVE NE<br>SALEM, OR  97305 | | | AP VENDOR | | | | $1,509.07 |
| ACCOUNT NO.<br>BLUELINE SERVICES | | | AP VENDOR | | | | $13,304.25 |
| ACCOUNT NO.<br>BNA | | | AP VENDOR | | | | $749.00 |
| ACCOUNT NO.<br>CAPITAL ADVANCE LEASING<br>485 EAST 17TH STREET, SUITE 300<br>COSTA MESA, CA  92627 | | | AP VENDOR | | | | $86,849.23 |
| ACCOUNT NO.<br>CASCADE CENTERS, INC.<br>7180 SW FIR LOOP, STE 1-A<br>PORTLAND, OR  97223-8023 | | | AP VENDOR | | | | $239.40 |
| ACCOUNT NO.<br>CCH INC<br>PO BOX 4307<br>CAROL STREAM, IL  60197-4307 | | | AP VENDOR | | | | $899.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 4 of 23

Subtotal          $629,079.28

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364
_____                   _____
                        Debtor                                                      (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> CDW COMPUTERS CENTER, INC <br> PO BOX 75723 <br> CHICAGO, IL  60675-5723 | | | AP VENDOR | | | | $2,275.59 |
| ACCOUNT NO. <br> CENTURYLINK <br> PO BOX 290408 <br> PHOENIX, AZ  85038-9040 | | | AP VENDOR | | | | $674.91 |
| ACCOUNT NO. <br> CERIDIAN <br> PO BOX 10989 <br> NEWARK, NJ  07193 | | | AP VENDOR | | | | $8,671.79 |
| ACCOUNT NO. <br> CHEMOIL CORPORATION D/B/A/ CHEMOIL AVIATION, A CALIFORNIA CORPORATION C/O  DAVID B. HABER, P.A. 201 SOUTH BISCAYNE BLVD., STE. 1205 MIAMI, FL  33131 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br> CHRISTOPHER  TORTORELLI AND JENS SCHULZ, ETC. C/O  DAVID WADE GARTLAND, NELSON, MCCLEERY FT WADE P.C. 44 CLUB ROAD, SUITE 200, P.O. BOX 11230 EUGENE, OR  97440-3430 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br> CIGNA HEALTH & LIFE INSURANCE COMPANY 13680 COLLECTION CENTER DRIVE CHICAGO, IL  60693 | | | AP VENDOR | | | | $426,462.67 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 5 of 23

Subtotal     $438,084.96

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364
_____                    _____
                          Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>CITTA INC<br>PO BOX 150328<br>OGDEN, UT  84415-0328 | | | AP VENDOR | | | | $6,502.38 |
| ACCOUNT NO.<br><br>COLONIEL SUPPLEMENTAL INSURANCE PROCESSING CENTER<br>PO BOX 1365<br>COLUMBIA, SC  29202-1365 | | | AP VENDOR | | | | $1,333.03 |
| ACCOUNT NO.<br><br>COLUMBIA PROPERTIES ANCHORAGE, L.P., ETC.<br>C/O  JONATHAN C. SMALE<br>FIELD JERGER LLP<br>621 SW MORRISON ST #1225<br>PORTLAND, OR  97205 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>COMCAST<br>PO BOX 37601<br>PHILADELPHIA, PA  19101-0601 | | | AP VENDOR | | | | $9,111.93 |
| ACCOUNT NO.<br><br>COMMONWEALTH | | | AP VENDOR | | | | $1,399.87 |
| ACCOUNT NO.<br><br>COPY TRONIX<br>16655 SW 72ND AVE, #800<br>PORTLAND, OR  97224 | | | AP VENDOR | | | | $34,322.49 |
| ACCOUNT NO.<br><br>CT CORP<br>PO BOX 4349<br>CAROL STREAM, IL  60197 | | | AP VENDOR | | | | $22,815.84 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 6 of 23

Subtotal        $75,485.54

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                          Case No.   13-13364
_____          _____
                            Debtor                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> DAUGHERTY, FOWLER, PEREGRIN <br> 204 N ROBINSON #900 <br> OKLAHOMA CITY, OK  73102-6800M7 | | | AP VENDOR | | | | $1,666.89 |
| ACCOUNT NO. <br><br> DAVIS WRIGHT TREMAINE LLC <br> 1300 SW FIFTH AVE <br> PORTLAND, OR  97201 | | | AP VENDOR | | | | $9,811.56 |
| ACCOUNT NO. <br><br> DELL MARKETING LP <br> C/O  JEREMY M. JONES <br> LAM, LYN, & PHILIP, P.C. <br> 3555 TIMMONS LN. STE. 790 <br> HOUSTON, TX  77027 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> DENNIS COZBY <br> C/O  DANIEL A. HILL <br> ADAMS, HILL FT HESS <br> 339 WASHINGTON STREET S.E. <br> SALEM, OR  97302 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> DENNIS MANTELLO <br> C/O  SCOTT N. HUNT <br> 621 S.W. MORRISON STREET, SUITE 521 <br> PORTLAND, OREGON  97205 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> DIVERSIFIED PRINTERS INK <br> 6770 NW CENTURY BLVD <br> HILLSBORO, OR  97124 | | | AP VENDOR | | | | $24,975.49 |
| ACCOUNT NO. <br><br> DIXIE AIRE TITLE SVC, INC. <br> PO BOX 270838 <br> OKLAHOMA CITY, OK  73137 | | | AP VENDOR | | | | $2,438.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 7 of 23

Subtotal          $38,891.94

In re: EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.    13-13364
_____                    _____
                            Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> DMV <br> 1905 LANA AVE NE <br> SALEM, OR  97314-2250 | | | AP VENDOR | | | | $7.50 |
| ACCOUNT NO. <br> DTI <br> PO BOX 933435 <br> ATLANTA, GA  31193-3435 | | | AP VENDOR | | | | $2,982.99 |
| ACCOUNT NO. <br> ENVIROSHRED <br> PO BOX 4500 <br> UNIT 40 <br> PORTLAND, OR  97208-4500 | | | AP VENDOR | | | | $3,985.00 |
| ACCOUNT NO. <br> ERIBERTO DE LA CRUZ <br> C/O  LAW OFFICES OF SUSAN M. GARRETT <br> 206 S BRAND BLVD <br> GLENDALE, CA  91204 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br> EVENT BUILDER (ENCOUNTER COLLABORATIVE) <br> 1300 SW 5TH AVENUE, STE 900 <br> PORTLAND, OR  97201 | | | AP VENDOR | | | | $9,024.04 |
| ACCOUNT NO. <br> EVERGREEN AVIATION & SPACE MUSEUM <br> 500 NE CAPTAIN MICHAEL KING SMITH WAY <br> MCMINNVILLE, OR  97128 | | | INTERCOMPANY LOAN | | | | $239,236.72 |
| ACCOUNT NO. <br> EVERGREEN AVIATION & SPACE MUSEUM <br> 500 NE CAPTAIN MICHAEL KING SMITH WAY <br> MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $20,254.38 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 8 of 23

Subtotal        $275,490.63

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.          Case No.    13-13364
_____          _____
                    Debtor                                         (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, INC. <br> 3850 THREE MILE LANE <br> MCMINNVILLE, OR  97128 | | | INTERCOMPANY PAYABLE | | | | $22,405,990.75 |
| ACCOUNT NO. <br><br> EVERGREEN DEFENSE & SECURITY SERVICES, INC. <br> 3850 THREE MILE LANE <br> MCMINNVILLE, OR  97128 | | | INTERCOMPANY PAYABLE | | | | $478,058.86 |
| ACCOUNT NO. <br><br> EVERGREEN HOLDINGS, INC. <br> 3850 THREE MILE LANE <br> MCMINNVILLE, OR  97128 | | | INTERCOMPANY LOAN | | | | $52,017,160.85 |
| ACCOUNT NO. <br><br> EVERGREEN TRADE INC. <br> 3850 THREE MILE LANE <br> MCMINNVILLE, OR  97128 | | | INTERCOMPANY PAYABLE | | | | $19,012,812.91 |
| ACCOUNT NO. <br><br> EVERGREEN VINTAGE AIRCRAFT, INC. <br> 3850 THREE MILE LANE <br> MCMINNVILLE, OR  97128 | | | INTERCOMPANY PAYABLE | | | | $450,000.00 |
| ACCOUNT NO. <br><br> FEDERAL INSURANCE COMPANY <br> C/O  C. THOMAS DAVIS <br> DAVIS GALM LAW FIRM <br> 12220 SW FIRST STREET <br> BEAVERTON, OR  97005 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> FEDEX <br> PO BOX 7221 <br> PASADENA, CA  91109 | | | AP VENDOR | | | | $81.69 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 9 of 23

Subtotal        $94,364,105.06

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364

────────────────────────────────────────────────────────────────────
Debtor                                                           (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> FORD & HARRISON LLP <br> 1275 PEACHTREE ST #600 <br> ATLANTA, GA  30309 | | | AP VENDOR | | | | $3,726.50 |
| ACCOUNT NO. <br><br> FRANK CRYSTAL & COMPANY, INC. <br> FINANCIAL SQUARE <br> 32 OLD SLIP, 17TH FLOOR <br> NEW YORK, NY  10005-3504 | | | AP VENDOR | | | | $304,000.18 |
| ACCOUNT NO. <br><br> FRONTIER (#03 003 1099512328 09) <br> 8909 PURDUE RD <br> SUITE 300 <br> INDIANAPOLIS, IN  46268 | | | AP VENDOR | | | | $59,629.98 |
| ACCOUNT NO. <br><br> GC AIR (GE) <br> 10 RIVERVIEW DRIVE <br> DANBURY, CT  06810 | | | AP VENDOR | | | | $631,311.90 |
| ACCOUNT NO. <br><br> GE COMMERCIAL EQUIPMENT FINANCING <br> PACIFIC REGIONAL HEADQUARTERS <br> 2400 EAST KATELLA AVENUE, STE. 800 <br> ANAHEIM, CA  92806-5955 | | | AP VENDOR | | | | $100,000.00 |
| ACCOUNT NO. <br><br> GENERAL ELECTRIC CAPITAL <br> CORPORATION, ETC., ET AL. <br> C/O  JOSEPH M. VANLEUVEN <br> DAVIS WRIGHT TREMAINE LLP <br> 1300 SW FIFTH AVENUE, SUITE 2400 <br> PORTLAND, OR  97201 | | | LITIGATION | X | X | X | UNKNOWN |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 10 of 23

Subtotal          $1,098,668.56

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.    13-13364
_____        _____
                        Debtor                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> GHP HORWATH, P. C. <br> 1670 BROADWAY, STE 3000 <br> DENVER, CO  80202 | | | AP VENDOR | | | | $65,000.00 |
| ACCOUNT NO. <br><br> GOLDMAN SACHS & CO. <br> ATTN: MARIE GENTILE <br> 85 BROAD STREET <br> NEW YORK, NY  10004 | | | AP VENDOR | | | | $1,050,000.00 |
| ACCOUNT NO. <br><br> GORMLEY PLUMBING | | | AP VENDOR | | | | $379.00 |
| ACCOUNT NO. <br><br> GREENPATCH <br> 3850 THREE MILE LANE <br> MCMINNVILLE, OR  97128 | | | INTERCOMPANY PAYABLE | | | | $250,000.00 |
| ACCOUNT NO. <br><br> HAWAII JOINT UNDERWRITING PLAN <br> PO BOX 30020 <br> HONOLULU, HI  96820-0020 | | | AP VENDOR | | | | $3,315.00 |
| ACCOUNT NO. <br><br> HENNINGAN, BENNETT & DORMAN <br> 865 SO FIGUEROA ST #2900 <br> LOS ANGELES, CA  90017 | | | AP VENDOR | | | | $286,503.08 |
| ACCOUNT NO. <br><br> HILL & KNOWLTON <br> PO BOX 7247-7193 <br> PHILADELPHIA, PA  19170-7193 | | | AP VENDOR | | | | $62,500.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 11 of 23

Subtotal        $1,717,697.08

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364
_____                    _____
                          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>HONEYWELL INTERNATIONAL, INC.<br>C/O  JOHN MICHAEL UNFRED<br>J. MICHAEL UNFRED, LLC<br>PO BOX 327<br>SALEM, OR  97308-0327 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>HR UNLIMITED INC.<br>PO BOX 8624<br>FOUNTAIN VALLEY, CA  92728 | | | AP VENDOR | | | | $12,350.00 |
| ACCOUNT NO.<br><br>IDENTISYS | | | AP VENDOR | | | | $265.00 |
| ACCOUNT NO.<br><br>IMPERIAL OFFICE MACHINES<br>3929 SE HAWTHORNE BL<br>PORTLAND, OR  97214 | | | AP VENDOR | | | | $25,546.01 |
| ACCOUNT NO.<br><br>INNOVATIVE<br>1474 NW RIESLING WAY<br>MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $336.00 |
| ACCOUNT NO.<br><br>INSIGHT<br>6820 S. HARL DRIVE<br>TEMEP, AZ  85283 | | | AP VENDOR | | | | $36,987.76 |
| ACCOUNT NO.<br><br>INSIGHT INVESTMENTS<br>611 ANTON BLVD. STE 700<br>COSTA MESA, CA  92626 | | | AP VENDOR | | | | $2,581.96 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 12 of 23

Subtotal        $78,066.73

In re: EVERGREEN INTERNATIONAL AVIATION, INC.      Case No.    13-13364

                    Debtor                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> IS BUSINESS SOFTWARE <br> 3 MONROE PARKWAY # 106 <br> LAKE OSWEGO, OR  97035 | | | AP VENDOR | | | | $337.50 |
| ACCOUNT NO. <br><br> J RUIZ FARM LABOR CONTRACTOR <br> 10855 PORTLAND RD NE <br> BROOKS  OR <br> 97305 | | | AP VENDOR | | | | $3,442.96 |
| ACCOUNT NO. <br><br> JOHNSTONE & GOODFELLOW <br> PO BOX 626 <br> MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $4,012.50 |
| ACCOUNT NO. <br><br> KEYBANK, NATIONAL ASSOCIATION, ETC. <br> C/O  CRAIG G. RUSSILLO <br> SCHWABE, WILLIAMSON FT WYATT, P.C. <br> 1211 SW FIFTH AVE., SUITE 1900 <br> PORTLAND, OR  97204 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> KONE INC <br> PO BOX 429 <br> MOLINE, IL  61266-0429 | | | AP VENDOR | | | | $15,179.49 |
| ACCOUNT NO. <br><br> KUBLER CONSULTING, INC., ETC. <br> C/O  JEFFARY R. KUBLER <br> KUBLER CONSULTING, INC. <br> 6855 NE ARNOLD AVE. <br> ADAIR VILLAGE, OR  97330 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> LABWIRE <br> PO BOX 1246 <br> BROOKSHIRE, TX  77423 | | | AP VENDOR | | | | $3,235.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 13 of 23

                Subtotal      $26,207.45

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.   13-13364
_____                          _____
                            Debtor                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> LANE POWELL <br> 1420 FIFTH AVE STE 4100 <br> SEATTLE, WA  98101 | | | AP VENDOR | | | | $3,207.33 |
| ACCOUNT NO. <br><br> LAW DEBENTURE TRUST COMPANY <br> AS COLLATERAL AGENT <br> 767 THIRD AVENUE <br> 31ST FLOOR <br> NEW YORK, NY  10017 | | | AP VENDOR | | | | $1,000.00 |
| ACCOUNT NO. <br><br> LIBERTY NORTHWEST <br> PO BOX 6486 <br> CAROL STREAM, IL  60197-6486 | | | AP VENDOR | | | | $78,180.80 |
| ACCOUNT NO. <br><br> LIONEL SAWYER & COLLINS <br> 1700 BANK OF AMERICA PLAZA <br> 300 SOUTH FOURTH ST <br> LAS VEGAS, NV  89101 | | | AP VENDOR | | | | $3,276.60 |
| ACCOUNT NO. <br><br> LOWE'S <br> PO BOX 530954 <br> ATLANTA, GA  30353-0954 | | | AP VENDOR | | | | $1,479.97 |
| ACCOUNT NO. <br><br> MCAFEE & TAFT <br> 211 NORTH ROBINSON, 10TH FLOOR <br> TWO LEADERSHIP SQUARE <br> OKLAHOMA CITY, OK  73102-7103 | | | AP VENDOR | | | | $14,891.49 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 14 of 23

Subtotal          $102,036.19

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.    13-13364
_____                    _____
                          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> MCKINSTRY <br> 16790 NE MASON ST <br> PORTLAND, OR  97230 | | | AP VENDOR | | | | $4,448.00 |
| ACCOUNT NO. <br><br> MCKOOL (FORMERLY HENNIGAN) <br> 865 SOUTH FIGUEROA ST <br> SUITE 2900 <br> LOS ANGELES, CA  90017 | | | AP VENDOR | | | | $203,656.52 |
| ACCOUNT NO. <br><br> MCMINNVILLE WATER & LIGHT <br> PO BOX 638 <br> MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $16,806.43 |
| ACCOUNT NO. <br><br> MERRILL COMMUNICATIONS LLC <br> 1 MERRILL CIRCLE <br> ST PAUL, MN  55108 | | | AP VENDOR | | | | $11,907.75 |
| ACCOUNT NO. <br><br> MICHAEL COOK <br> C/O  ROBERT K. MEYER, ATTORNEY AT LAW, P.C. <br> 1001 SW 5TH AVENUE <br> SUITE 1100 <br> PORTLAND, OR  97204 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br><br> MICROSOFT <br> ONE MICROSOFT WAY <br> REDMOND, WA  98052-7329 | | | AP VENDOR | | | | $4,769.12 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 15 of 23

Subtotal          $241,587.82

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.    13-13364
_____                    _____
                          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> MILLER NASH <br> 3400 US BANCORP TOWER <br> 111 SW FIFTH AVENUE <br> PORTLAND, OR  97204 | | | AP VENDOR | | | | $15,460.00 |
| ACCOUNT NO. <br><br> MONSTER INC. <br> 5 CLOCK TOWER PLACE, 5TH FLOOR <br> MAYNARD, MA  01754 | | | AP VENDOR | | | | $8,500.00 |
| ACCOUNT NO. <br><br> MOODY'S <br> PO BOX 102597 <br> ATLANTA, GA  30368-0597 | | | AP VENDOR | | | | $52,500.00 |
| ACCOUNT NO. <br><br> NORTHWEST LOGGING SUPPLY, INC. <br> PO BOX 365 <br> MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $361.24 |
| ACCOUNT NO. <br><br> NW NATURAL GAS <br> 220 NW 2ND AVE <br> PORTLAND, OR  97209 | | | AP VENDOR | | | | $6,325.55 |
| ACCOUNT NO. <br><br> OFFICE DEPOT <br> PO BOX 70049 <br> LOS ANGELES, CA  90074-0049 | | | AP VENDOR | | | | $18,494.27 |
| ACCOUNT NO. <br><br> ONLINENW <br> PO BOX 1357 <br> 340 NE FORD ST <br> MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $8,700.74 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 16 of 23

Subtotal          $110,341.80

In re:  EVERGREEN INTERNATIONAL AVIATION, INC. _____     Case No.   13-13364 _____
                                    Debtor                                         (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>PACIFIC INSURANCE PARTNERS<br>PO BOX 327<br>FOREST GROVE, OR  97116 | | | AP VENDOR | | | | $535,025.81 |
| ACCOUNT NO.<br>PERKINS COIE<br>1201 THIRD AVE 40TH FLR<br>SEATTLE, WA  98101-3099M7 | | | AP VENDOR | | | | $52,098.23 |
| ACCOUNT NO.<br>POSEYLAND, INC.<br>410 EAST SECOND ST<br>MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $1,709.00 |
| ACCOUNT NO.<br>PRECISION LOCKSMITH SERVICE<br>10345 SW CANYON RD.<br>BEAVERTON, OR  97005 | | | AP VENDOR | | | | $97.50 |
| ACCOUNT NO.<br>PRIORITY SUPPORT GROUP<br>6855 NE ARNOLD AVENUE<br>CORVALLIS, OR  97330 | | | AP VENDOR | | | | $9,301.77 |
| ACCOUNT NO.<br>PRUDENTIAL INSURANCE OF AMERICA<br>PO BOX 101241<br>ATLANTA, GA  30392-1241 | | | AP VENDOR | | | | $1,080.62 |
| ACCOUNT NO.<br>RASMUSSEN SPRAY SERVICE INC<br>PO BOX 13262<br>SALEM, OR  97309 | | | AP VENDOR | | | | $200.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 17 of 23

                                                          Subtotal         $599,512.93

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.     Case No.   13-13364
                        Debtor                                                   (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> RECOLOGY WESTERN OREGON <br> PO BOX 270 <br> MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $3,444.99 |
| ACCOUNT NO. <br><br> RICHARDS, LAYTON AND FINGERS <br> ONE RODNEY SQUARE <br> 920 NORTH KING ST <br> WILMINGTON, DE  19801 | | | AP VENDOR | | | | $378.62 |
| ACCOUNT NO. <br><br> RICOH USA INC <br> 21146 NETWORK PLACE <br> CHICAGO, IL  60673-1211 | | | AP VENDOR | | | | $24,147.76 |
| ACCOUNT NO. <br><br> ROBERT LYLE <br> 42000 SWEET SPRING LANE <br> LEESBURG, VA  20176 | | | AP VENDOR | | | | $11.57 |
| ACCOUNT NO. <br><br> S&S VENDING <br> 18085 SW LOWER BOONES FERRY ROAD <br> PORTLAND, OR  97224 | | | AP VENDOR | | | | $2,139.95 |
| ACCOUNT NO. <br><br> SKADDEN <br> PO BOX 1764 <br> WHITE PLAINS, NY  10602 | | | AP VENDOR | | | | $2,063,552.06 |
| ACCOUNT NO. <br><br> SNELL & WILMER, LLP <br> 400 E VAN BUREN ST #190C <br> PHOENIX, AZ  85004-2202 | | | AP VENDOR | | | | $499,971.86 |

Schedule of Creditors Holding Unsecured Nonpriority Claims - Sheet no. 18 of 23

Subtotal        $2,593,646.81

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                          Case No.    13-13364
_____                    _____
                          Debtor                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> SOFTCHOICE CORP <br> 16609 COLLECTIONS CENTER DRIVE <br> CHICAGO, IL  60693 | | | AP VENDOR | | | | $35,639.24 |
| ACCOUNT NO. <br> SOLAR WINDS <br> PO BOX 730720 <br> DALLAS, TX  75373-0720 | | | AP VENDOR | | | | $333.00 |
| ACCOUNT NO. <br> SOUTHERN BUILDING ASSOC. <br> 805 15TH ST, NW, STE 625. <br> WASHINGTON, DC  20005 | | | AP VENDOR | | | | $44,211.17 |
| ACCOUNT NO. <br> SOUTHERN BUILDING ASSOCIATES LLP <br> C/O  HESSLER & ASSOCIATES, CH <br> 1313 F ST NW #300 <br> WASHINGTON, DC  20004 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO. <br> SPRINT <br> PO BOX 79357 <br> CITY OF INDUSTRY, CA  91716-9357 | | | AP VENDOR | | | | $55,300.34 |
| ACCOUNT NO. <br> ST AEROSPACE SERVICES CO. PTE, LTD. AND ST AEROSPACE MOBILE, INC. <br> C/O  MARK B. COMSTOCK <br> GARRETT HERMANN ROBERTSON P.C. <br> PO BOX 749 <br> SALEM, OR  97308 | | | LITIGATION | X | X | X | $3,476,208.43 |
| ACCOUNT NO. <br> STANDARD AND POORS <br> 2542 COLLECTION CENTER DRIVE <br> CHICAGO, IL  60693 | | | AP VENDOR | | | | $58,000.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 19 of 23

Subtotal        $3,669,692.18

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.                          Case No.   13-13364
_____                          _____
                              Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>STANDARD INSURANCE<br>PO BOX 3789<br>PORTLAND, OR  97208-3789 | | | AP VENDOR | | | | $3,450.72 |
| ACCOUNT NO.<br><br>STAPLES BUSINESS ADVANTAGE<br>DEPT LA PO BOX 83689<br>CHICAGO, IL  60690-3689 | | | AP VENDOR | | | | $60,741.98 |
| ACCOUNT NO.<br><br>STOEL RIVAS<br>900 SW FIFTH AVE<br>SUITE 2600<br>PORTLAND, OR  97204 | | | AP VENDOR | | | | $61,822.82 |
| ACCOUNT NO.<br><br>T MOBILE<br>PO BOX 660252<br>DALLAS, TX  75266-0252 | | | AP VENDOR | | | | $22,667.27 |
| ACCOUNT NO.<br><br>TAIKOO (XIAMEN) AIRCRAFT ENGINEERING CO. LTD.<br>C/O  CONDON & FORSYTH, LLP<br>BARTHOLOMEW J BANINO<br>7 TIMES SQUARE<br>NEW YORK, NY | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>TECHEXCEL<br>3675 MT. DIABLO BLVD STE 200<br>LAFAYETTE, CA  94549 | | | AP VENDOR | | | | $2,800.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 20 of 23

Subtotal    $151,482.79

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                    Case No.    13-13364
_____                    _____
                         Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> THOMSON REUTERS <br> WEST PAYMENT CENTER <br> PO BOX 6292 <br> CAROL STREM, IL  60197-6292 | | | AP VENDOR | | | | $24,615.56 |
| ACCOUNT NO. <br><br> THOMSON REUTERS/SERENGETI <br> WEST PAYMENT CENTER <br> PO BOX 6292 <br> CAROL STREM, IL  60197-6292 | | | AP VENDOR | | | | $9,500.00 |
| ACCOUNT NO. <br><br> TICOR TITLE <br> 701 5TH AVE, STE 2300 <br> SEATTLE, WA  98104 | | | AP VENDOR | | | | $800.00 |
| ACCOUNT NO. <br><br> UNITED HEALTHCARE GLOBAL SOLUTIONS <br> 22561 NETWORK PLACE <br> CHICAGO, IL  60673-1225 | | | AP VENDOR | | | | $9,759.58 |
| ACCOUNT NO. <br><br> UPS <br> 28013 NETWORK PLACE <br> CHICAGO, IL  60673-1280 | | | AP VENDOR | | | | $23,905.37 |
| ACCOUNT NO. <br><br> US POSTMASTER <br> BUSINESS REPLY TRUST ACCOUNT <br> 650 EAST SECOND ST <br> MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $466.65 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 21 of 23

Subtotal            $69,047.16

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                              Case No.   13-13364
                                    Debtor                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>USABLE LIFE INSURANCE<br>PO BOX 31000<br>HONOLULU, HI  96849-5314 | | | AP VENDOR | | | | $17,786.16 |
| ACCOUNT NO.<br><br>VE SOFT<br>901 N SEWARD ST<br>LOS ANGELES, CA  90038 | | | AP VENDOR | | | | $462.50 |
| ACCOUNT NO.<br><br>VERIZON (SEE NOTE FOR ACCOUNT NUMBERS)<br>PO BOX 15026<br>ALBANY, NY  12212-5026 | | | AP VENDOR | | | | $14,441.04 |
| ACCOUNT NO.<br><br>WAHLBERG, TIM<br>1700 NW EMERSON COURT<br>MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $19,166.79 |
| ACCOUNT NO.<br><br>WALTER E. NELSON CO<br>5937 N. CUTTER CIRCLE<br>PORTLAND, OR  97217 | | | AP VENDOR | | | | $9,824.70 |
| ACCOUNT NO.<br><br>WELLS FARGO BANK NORTHWEST, NATIONAL ASSOCIATION, ETC.<br>C/O  MICHAEL GOETTING<br>VEDDER PRICE P.C.<br>1633 BROADWAY, 47TH FLOOR<br>NEW YORK, NY  10019 | | | LITIGATION | X | X | X | UNKNOWN |
| ACCOUNT NO.<br><br>WESTERN TITLE AND ESCROW<br>1215 NE BAKER ST<br>MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $1,294.00 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 22 of 23

Subtotal     $62,975.19

In re:  EVERGREEN INTERNATIONAL AVIATION, INC. _____     Case No.  13-13364 _____
                                        Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>WILLIS OF ILLINOIS<br>THE WILLIS TOWER<br>233 SOUTH WACKER DRIVE<br>CHICAGO, IL  60606 | | | AP VENDOR | | | | $93,333.00 |
| ACCOUNT NO.<br><br>WORLD FUEL SERVICES, INC.<br>C/O  JAMES P. LAURICK<br>KILMER VOORHEES FT LAURICK, P.C.<br>732 NW 19TH AVENUE<br>PORTLAND, OR  97209-1302 | | | LITIGATION | X | X | X | $9,092,000.00 |
| ACCOUNT NO.<br><br>XEROX CORPORATION<br>PO BOX 7405<br>PASDENA, CA  91109-7405 | | | AP VENDOR | | | | $147.71 |
| ACCOUNT NO.<br><br>YAMHILL COUNTY PROPERTY TAXES<br>535 NE 5TH ST<br>MCMINNVILLE, OR  97128 | | | AP VENDOR | | | | $108,090.69 |

Schedule of Creditors Holding Unsecured Nonpriority Claims -
Sheet no. 23 of 23

|  | Subtotal | $9,293,571.40 |
|---|---|---|
|  | Total<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable on the<br>Statistical Summary of Certain Liabilities and Related Data.) | $122,604,081.98 |

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.                                    Case No.   13-13364
_____                                          _____
                            Debtor                                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| ACE AMERICAN INSURANCE COMPANY ACE USA, DEPT. CH 10123 PALATINE, IL  60055-0123 | INSURANCE CONTRACT |
| AT&T 220 N MERIDIAN ST INDIANAPOLIS, IN  46204-1915 | CELL PHONE AGREEMENT |
| BARTLING INSURANCE GROUP 1176 MAIN ST, STE A1 IRVINE, CA  92614 | INSURANCE AGREEMENT |
| CAPITAL ADVANCE LEASING, INC. 485 EAST 17TH STREET, SUITE 300 COSTA MESA, CA  92627 | TELEPHONE SYSTEM AGREEMENT |
| DTI PO BOX 933435 ATLANTA, GA  31193-3435 | LEGAL SERVICES AGREEMENT |
| KONE INC. PO BOX 429 MOLINE, IL  61266-0429 | MAINTENANCE AGREEMENT |
| LIBERTY NORTHWEST PO BOX 6486 CAROL STREAM, IL  60197-6486 | VEHICLE INSURANCE AGREEMENT |
| RASMUSSEN SPRAY SERVICE INC PO BOX 13262 SALEM, OR  97309 | MAINTENANCE AGREEMENT |
| RICOH USA INC 21146 NETWORK PLACE CHICAGO, IL  60673-1211 | COPIER LEASE |
| WAHLBERG, TIM KEYMAN GROUP 1700 NW EMERSON COURT MCMINNVILLE, OR  97128 | SERVICE AGREEMENT |
| XEROX CORPORATION PO BOX 7405 PASDENA, CA  91109-7405 | COPIER LEASE |

In re:   EVERGREEN INTERNATIONAL AVIATION, INC.       Case No.   13-13364
                             Debtor                                                                  (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| EVERGREEN AGRICULTURAL ENTERPRISES, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WELLS FARGO BANK, N.A., AS ADMIN AGENT FOR FIRST LIEN LENDERS<br>ANDREW J. NYQUIST, VICE PRESIDENT<br>625 MARQUETTE AVENUE, 11TH FLOOR<br>MAC N9311-110<br>MINNEAPOLIS, MN  55402 |
| EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, IN<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WELLS FARGO BANK, N.A., AS ADMIN AGENT FOR FIRST LIEN LENDERS<br>ANDREW J. NYQUIST, VICE PRESIDENT<br>625 MARQUETTE AVENUE, 11TH FLOOR<br>MAC N9311-110<br>MINNEAPOLIS, MN  55402 |
| EVERGREEN DEFENSE & SECURITY SERVICES, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WELLS FARGO BANK, N.A., AS ADMIN AGENT FOR FIRST LIEN LENDERS<br>ANDREW J. NYQUIST, VICE PRESIDENT<br>625 MARQUETTE AVENUE, 11TH FLOOR<br>MAC N9311-110<br>MINNEAPOLIS, MN  55402 |
| EVERGREEN INTERNATIONAL AIRLINES, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WELLS FARGO BANK, N.A., AS ADMIN AGENT FOR FIRST LIEN LENDERS<br>ANDREW J. NYQUIST, VICE PRESIDENT<br>625 MARQUETTE AVENUE, 11TH FLOOR<br>MAC N9311-110<br>MINNEAPOLIS, MN  55402 |
| EVERGREEN SYSTEMS LOGISTICS, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WELLS FARGO BANK, N.A., AS ADMIN AGENT FOR FIRST LIEN LENDERS<br>ANDREW J. NYQUIST, VICE PRESIDENT<br>625 MARQUETTE AVENUE, 11TH FLOOR<br>MAC N9311-110<br>MINNEAPOLIS, MN  55402 |
| EVERGREEN TRADE INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WELLS FARGO BANK, N.A., AS ADMIN AGENT FOR FIRST LIEN LENDERS<br>ANDREW J. NYQUIST, VICE PRESIDENT<br>625 MARQUETTE AVENUE, 11TH FLOOR<br>MAC N9311-110<br>MINNEAPOLIS, MN  55402 |
| SUPERTANKER SERVICES, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WELLS FARGO BANK, N.A., AS ADMIN AGENT FOR FIRST LIEN LENDERS<br>ANDREW J. NYQUIST, VICE PRESIDENT<br>625 MARQUETTE AVENUE, 11TH FLOOR<br>MAC N9311-110<br>MINNEAPOLIS, MN  55402 |
| EVERGREEN AGRICULTURAL ENTERPRISES, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WILMINGTON TRUST BANK, N.A., AS ADMIN AGENT FOR SECOND LIEN LENDERS<br>ATTN: CORPORATE TRUST DEPT.<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |

Schedule of Codebtors -
Sheet no. 1 of 2

In re:  EVERGREEN INTERNATIONAL AVIATION, INC.                          Case No.    13-13364
_____                                    _____
                        Debtor                                                          (if known)

# SCHEDULE H - CODEBTORS

(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, IN<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WILMINGTON TRUST BANK, N.A., AS ADMIN AGENT FOR SECOND LIEN LENDERS<br>ATTN: CORPORATE TRUST DEPT.<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| EVERGREEN DEFENSE & SECURITY SERVICES, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WILMINGTON TRUST BANK, N.A., AS ADMIN AGENT FOR SECOND LIEN LENDERS<br>ATTN: CORPORATE TRUST DEPT.<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| EVERGREEN INTERNATIONAL AIRLINES, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WILMINGTON TRUST BANK, N.A., AS ADMIN AGENT FOR SECOND LIEN LENDERS<br>ATTN: CORPORATE TRUST DEPT.<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| EVERGREEN SYSTEMS LOGISTICS, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WILMINGTON TRUST BANK, N.A., AS ADMIN AGENT FOR SECOND LIEN LENDERS<br>ATTN: CORPORATE TRUST DEPT.<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| EVERGREEN TRADE INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WILMINGTON TRUST BANK, N.A., AS ADMIN AGENT FOR SECOND LIEN LENDERS<br>ATTN: CORPORATE TRUST DEPT.<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |
| SUPERTANKER SERVICES, INC.<br>3850 THREE MILE LANE<br>MCMINNVILLE, OR 97128 | WILMINGTON TRUST BANK, N.A., AS ADMIN AGENT FOR SECOND LIEN LENDERS<br>ATTN: CORPORATE TRUST DEPT.<br>RODNEY SQUARE NORTH<br>1100 NORTH MARKET STREET<br>WILMINGTON, DE  19890 |

In re:  EVERGREEN INTERNATIONAL AVIATION, INC. _____  Case No.  13-13364 _____
　　　　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, Ryan M Smith, the Chief Financial Officer of Evergreen International Aviation, Inc. named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 38 sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date  January 17, 2014 _____　　　Signature  /s/ Ryan M Smith _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　Ryan M Smith _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　[Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
--------------------------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.