IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>(Joint Administration Requested) |

## DECLARATION OF ALFRED T. GIULIANO IN SUPPORT OF MOTION OF TRUSTEE FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION

I, Alfred T. Giuliano, declare as follows:

1. I make this declaration in support of the *Motion of Trustee for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Providing Adequate Protection* (the "Motion"), filed concurrently herewith. Unless otherwise noted, capitalized terms used in this Declaration have the meanings ascribed in the Motion.

2. I am the duly-appointed chapter 7 trustee to the estates of the above-captioned debtors (the "Debtors"). Since my appointment on December 31, 2013, I have familiarized myself with the Debtors' assets, liabilities, and financial affairs. Given that the Debtors were headquartered in Oregon, I have personally traveled to Oregon to conduct due diligence on the Debtors' estates and meet with the Debtors' former employees and representatives.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

3. On December 18, 2013, certain petitioning creditors of Debtor Evergreen International Airlines, Inc. ("EIA") filed an involuntary chapter 7 petition against EIA in the United States Bankruptcy Court for the Eastern District of New York, Case No. 13-47494 (NHK) (the "EDNY Involuntary Case"). EIA is the only debtor in the EDNY Involuntary Case. The remaining six Debtors in the instant cases are not subject to the EDNY Involuntary Case. My counsel has negotiated a consensual stipulation of dismissal of the EDNY Involuntary Case, which is currently set for hearing on February 11, 2014.

4. By the Motion, I seek authority to access cash collateral in the Debtors' estates pursuant to the Approved Budget consented to by the Pre-Petition Lenders. Specifically, during the interim period, I only propose to access cash collateral held in the Debtors' estates, other than EIA's cash, pending dismissal of the EDNY Involuntary Case.

5. The Debtors have real estate, aircraft, and other personal property located in at least 21 locations throughout the United States. My ability to preserve the value of these assets is dependent on my ability to pay certain basic administrative expenses. I do not have any available sources of working capital or financing to preserve the Debtors' estates without the use of Cash Collateral. Hence, absent interim access to Cash Collateral, the Debtors' estates will be faced with immediate and irreparable harm.

6. As noted, I have reached agreement with the Pre-Petition Lenders regarding the estates' access to cash collateral pursuant to the Approved Budget. Subject to and in accordance with the Approved Budget, I propose to use the Cash Collateral to, among other things: (a) maintain, insure, and then liquidate the Debtors' personal and real property interests,

(b) pursue litigation claims (as appropriate), (c) satisfy the administrative costs of these estates (including my fees and expenses and those of my professionals), and (d) pay priority prepetition hourly wage claims (subject to separate Court approval). I intend to temporarily rehire approximately thirty of the Debtors' former employees in order to assist me with the liquidation effort.

7. Pending a final hearing and in order to avoid immediate and irreparable injury to the Debtors' estates, I seek interim approval to use up to $325,000 of Cash Collateral in accordance with the Approved Budget for the following purposes: (a) payroll, payroll taxes, and workers' compensation insurance, (b) rent at airport terminals where the Debtors' aircraft and equipment are located, (c) utilities for the estates' various rented facilities and security deposits, if required, (d) auto insurance, and (e) the cost of moving records and other miscellaneous administrative expenses of the estates. The foregoing does not include any amounts for payment of the statutory trustee commission or the fees and expenses of the trustee's professionals. In addition, I intend to fund the ongoing Anchorage Litigation, to the extent approved by the Pre-Petition Lenders, which I believe constitutes a significant asset of these estates.

8. I submit that the proposed adequate protection components set forth in the Interim Order and summarized in the Motion are fair and reasonable and compensate the Pre-Petition Secured Parties for any possible Diminution in Value of the Debtors' assets. Given the significant value that the Debtors' estates stand to lose in the event I am denied access to continued use of Cash Collateral, it is my sound business judgment that such protections are wholly appropriate and justified.

DOCS_SF:84609.5 31265-001

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3rd day of February 2014.

                                                        _____
                                                        Alfred T. Giuliano