IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>Objection Deadline: March 19, 2014 at 4:00 p.m. (ET)<br>Hearing Date: March 26, 2014 at 2:00 p.m. (ET) |

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULE 2014(a), AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN FOX ROTHSCHILD LLP AS SPECIAL TAX COUNSEL TO CHAPTER 7 TRUSTEE, NUNC PRO TUNC TO FEBRUARY 5, 2014**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this application (the "Application"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order authorizing the Trustee to retain and employ Fox Rothschild LLP ("Fox") as special tax counsel to the Trustee in these chapter 7 cases, *nunc pro tunc* to February 5, 2014. In support of the Application, the Trustee relies upon and incorporates by reference the declaration of Michael G. Menkowitz (the "Declaration") a copy of which is attached hereto. In further support of the Application, the Trustee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

**Background**

4. On December 31, 2013 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code (collectively, the "Cases"). Alfred T. Giuliano was appointed as the Trustee. The Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

5. Based in McMinnville, Oregon, the Debtors were a privately-held global aviation services company that was a leading provider of diversified air cargo transportation and aviation support services under the Evergreen name.

6. On January 28, 2014, the Trustee filed an application to employ and retain Giuliano, Miller & Company, LLC ("GMCO") as Accountants and Financial Advisors to the Trustee, which is scheduled for a hearing on February 26, 2014 [Docket No. 34].

7. On January 30, 2014, the Trustee filed an application to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as his general bankruptcy counsel in these Cases, which is scheduled for a hearing on February 26, 2014 [Docket No. 39].

## Relief Requested

8. By this Application, the Trustee seeks entry of an order authorizing the employment of Fox as special tax counsel to the Trustee *nunc pro tunc* to February 5, 2014. The Trustee requests that Fox be retained to perform the services described in this Application and on the terms set forth in herein.

## Basis for Relief

9. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ an attorney to represent or assist the trustee in carrying out the trustee's duties only if that attorney is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate.

10. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

11. Additionally, section 328(a) of the Bankruptcy Code provides, in relevant part, that a trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis . . . ." 11 U.S.C. § 328(a).

## Fox's Qualifications

12. The Trustee believes that the attorneys at Fox are well qualified to act as special tax counsel on behalf of the Trustee in these Cases. The scope of services is described in greater detail below. Fox's services will not be duplicative of the services provided by

3

PSZ&J and GMCO. The Trustee selected Fox because of its experience and extensive knowledge in tax law, including corporate acquisition and structuring issues, tax accounting and capitalization, joint ventures, tax crediting, and federal tax laws. In addition, Fox also has international tax experience including intercompany transfer pricing, foreign tax credits, treaties, tax-favorable foreign corporate structures and financing techniques, foreign acquisitions and restructurings, sourcing, intellectual property planning and tax accounting solutions.

### Scope of Employment

13. Fox will represent the Trustee with respect to complex tax issues arising from and related to a pre-petition transfer of stock by and between one of the debtor entities, Evergreen International Aviation, Inc., as seller, and EAC Acquisition Corporation, as buyer and memorialized in a Stock Purchase Agreement (SPA). In accordance with the SPA, Evergreen International Aviation, Inc. sold all of its stock in a wholly owned subsidiary, Evergreen Helicopters, Inc. As for the tax structure of the transaction, the parties agreed to jointly elect to treat the stock sale as an asset purchase for federal and state income tax purposes in accordance with 26 U.S.C. § 338(h)(10) and analogous provisions under applicable state law. There remain numerous tax issues and obligations under the SPA that require the advice and expertise of experienced tax counsel. Fox will provide all legal services necessary to comply with and meet the obligations arising from and related to the SPA (collectively, the "Section 338 Services").

14. The Trustee reserves the right to supplement this Application should he require the services of Fox for additional tax services, as may be agreed to with Fox (the "Other Services").

4

**Compensation and Fee Applications**

15. Fox will be compensated for the Section 338 Services directly by Erickson Air-Crane Incorporated ("Erickson"), as the buyer of the Debtors' Evergreen Helicopter business on or about May 2, 2013, in the initial amount of $60,000.00, and with such amount to be funded into an escrow account, subject to change and replenishment as needed and as agreed to between the Trustee and Erickson.

16. Fox will apply for compensation for professional services rendered in connection with these Cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered by the Court regarding compensation of professionals retained in these Cases. Fox will charge its hourly rates consistent with the rates it charges its other clients and in other bankruptcy and non-bankruptcy cases.

17. Fox's hourly rates vary with the experience and seniority of the individuals assigned to perform the services contemplated hereunder, and its hourly rates are adjusted from time to time. The attorneys currently expected to be principally responsible for these Cases, and their respective hourly rates effective as of June 1, 2013, are as follows:

    a.    Jerald D. August                    $700.00 per hour

    b.    Michael G. Menkowitz           $650.00 per hour

    c.    Ricardo Antaramian             $360.00 per hour

18. The hourly rates of all of Fox's attorneys and paraprofessionals are available upon request. The services of Fox will be provided by its partners, associates, of counsel, paraprofessionals and staff. Various levels of professionals and paraprofessionals will

be utilized to ensure that billing rates are in line with the level of responsibility and specialization of tasks.

19. Fox charges its clients for all expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.

20. Fox has not received or requested a retainer in these Cases.

21. Fox intends to apply to the Court for final allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with section 330 of the Bankruptcy Code and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered by the Court. As noted above, the services provided by Fox will not be duplicative of the services currently being provided by PSZ&J and GMCO, and compensation will come directly from Erickson.

22. The Trustee believes that the compensation arrangements with Fox are reasonable and at market rates, and similar to the rates charged to other clients in similar circumstances.

### **Disinterestedness and Disclosure of Connections**

23. Based upon the Declaration, Fox does not represent any other entity having an adverse interest with these Cases. To check and clear potential conflicts of interest in these Cases, Fox researched its client database to determine whether it had any relationships

with the following entities, limited to potential conflicts in its engagement as special counsel (collectively, the "Interested Parties").

    (a)    The Debtors and non-debtor affiliates;

    (b)    The Trustee;

    (c)    The Debtors' prepetition secured lenders (including members of the lending group);

    (d)    The Debtors current and former officers and directors;

    (e)    The Debtors largest known shareholders;

    (f)    The Debtors' 30 largest unsecured creditors;

    (g)    The Debtors' insurers;

    (h)    The Debtors surety bond obligees;

    (i)    Aircraft lessors and engine lease counterparties;

    (j)    Critical vendors;

    (k)    The Debtors' depository banks;

    (l)    Applicable unions;

    (m)    Entities providing benefits to the Debtors' employees;

    (n)    Parties to pending litigation involving the Debtors;

    (o)    The Debtors' utility providers;

    (p)    The Debtors' landlords;

    (q)    Certain other professionals of the Debtors;

    (r)    Certain prepetition professionals and service providers to the Debtors' and non-debtor affiliates;

    (s)    Judges of the Delaware Bankruptcy Court; and

    (t)    Attorneys of the Office of the United States Trustee;

A full list of the Interested Parties searched is attached to the Declaration as Schedule 1. To the extent that Fox's research of its relationships with the Interested Parties indicates that Fox has

represented, or currently represents, any of these entities in matters unrelated to the Debtors, the identities of these entities is set forth in Schedule 2 to the Declaration.

24. In reliance on the Declaration, the Trustee believes that (a) Fox has no connection with the Debtors, their creditors, the United States Trustee for the District of Delaware (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, or any other party with an actual or potential interest in these Cases or their respective attorneys or accountants, except as may be set forth in the Declaration; (b) Fox is not and has not been an investment banker for any outstanding securities of the Debtors; and (c) Fox neither holds nor represents any interest adverse to the Debtors or to the estates, except as may be set forth in the Declaration.

25. Finally, the Trustee underscores that Fox will have no involvement with respect to actually conducting the Debtors' chapter 7 bankruptcy cases. As noted above, the Trustee has filed an application to retain PSZ&J as general bankruptcy counsel to the Trustee. The Trustee is specifically retaining PSZ&J, subject to court approval, to represent him in these Cases. Although PSZ&J and Fox may coordinate on matters that generally concern the Debtors' estates, Fox will only provide legal services to the Trustee with respect to the specific tax matters as set forth herein.

## Notice

26. The Trustee has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) counsel to the Debtors' prepetition lenders; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

8

### No Prior Request

27. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the order annexed hereto, authorizing the retention of Fox Rothschild LLP as special tax counsel to the Trustee, *nunc pro tunc* to February 5, 2014 in connection with these Cases and grant such other and further relief as is just or proper.

Dated: March 5, 2014

_____
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Evergreen International Aviation, Inc., *et al.*