**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. 145** |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a) AND DEL. BANKR. L. R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF CBRE, INC. AS EXCLUSIVE REAL ESTATE MARKETING AND SALES AGENT TO THE TRUSTEE *NUNC PRO TUNC* TO MARCH 5, 2014**

Upon consideration of the Application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order authorizing the Trustee to employ and retain CBRE, Inc. ("CBRE") as exclusive real estate marketing and sales agent to the Trustee, pursuant to Bankruptcy Code sections 327(a) and 328(a); the Court having reviewed the Application and the Declaration and Supplemental Declaration of Michael N. Wells (collectively, the "Declaration"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) CBRE does not hold or represent any interest adverse to the Debtors' estates, (d) CBRE is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code and (e) employment of CBRE is necessary and in the best interests of the Debtors' estates, creditors,

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

and other parties in interest; the Court finding that notice of the Application was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Declaration and at the hearing establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein *nunc pro tunc* to March 5, 2014.

2. The Trustee is authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, to employ and retain CBRE pursuant to the terms of the Agreement attached to the Application as Exhibit B, which are hereby approved for purposes of section 328(a) of the Bankruptcy Code.

3. Notwithstanding anything to the contrary in the Application, the Declaration, or the Agreement, during the course of CBRE's engagement by the Trustee, CBRE shall act exclusively as the Trustee's agent, and shall not represent or act on behalf of any prospective purchaser, tenant, or any other party with an interest or potential interest with respect to property of the Debtors' estates.

4. CBRE shall file a final fee application pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, provided that the time keeping requirements of Local Rule 2016-2 shall be deemed waived and not applicable for purposes of CBRE's employment and retention in these cases. CBRE's final fee application shall include a detailed statement of all

disbursements for which reimbursement is sought. CBRE shall not be required to file monthly or interim fee applications with this Court.

5. Notwithstanding the provisions of the Agreement, any controversy or claim arising out of or relating to the Agreement shall first be submitted to the Bankruptcy Court for resolution and, if the Bankruptcy Court permits and both parties agree, to arbitration in accordance with the terms of the Agreement.

6. To the extent that there may be any inconsistency between the terms of the Application, the Agreement, and this Order, the terms of this Order shall govern.

7. The Trustee and CBRE are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order or the Agreement.

Dated: April 11, 2014

The Honorable Mary F. Walrath
United States Bankruptcy Judge