**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL<br>AVIATION, INC., *et al.*<br><br>　　　　　　　Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>　Hearing Date: May 6, 2014 at 1:00 p.m.<br>　Objections Due: May 2, 2014 at noon |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION TO THE CHAPTER 7 TRUSTEE'S MOTION FOR APPROVAL OF THE (A) SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF EVERGREEN AVIATION GROUND LOGISTICS ENTERPRISE, EVERGREEN INTERNATIONAL AVIATION, INC., EVERGREEN INTERNATIONAL AIRLINES, INC., EVERGREEN TRADE, INC., AND SUPERTANKER SERVICES, INC. FREE AND CLEAR OF ALL LIENS AND CLAIMS, (B)ASSUMPTION AND ASSIGNMENT OF DESIGNATED CONTRACTS AND LEASES TO JET MIDWEST GROUP, LLC, AND (C) GRANT RELATED RELIEF AS IS NECESSARY**

Roberta A. DeAngelis, the United States Trustee for Region 3 ("U.S. Trustee"), by and through her undersigned attorneys, hereby asserts this limited objection to the Chapter 7 Trustee's Motion for Approval of the (A) Sale of Substantially All of the Assets of Evergreen Aviation Ground Logistics Enterprise, Evergreen International Aviation, Inc., Evergreen International Airlines, Inc., Evergreen Trade, Inc., and Supertanker Services, Inc. Free and Clear of All Liens and Claims, (B)Assumption and Assignment of Designated Contracts and Leases to Jet Midwest Group, LLC, and (C) Grant Related Relief as is Necessary (the "Motion") (Docket No. 229) (the "Motion"), and in support of that limited objection (the "Objection") states as follows:

**PRELIMINARY STATEMENT**

1.  The U.S. Trustee does not object to the sale of the assets of the Debtors' estates to the buyer, Jet Midwest (the "Buyer"), provided that the Chapter 7 Trustee introduces evidence that demonstrates that the Buyer is a good faith, arm's length purchaser who made the highest and best offer for the property to be sold.  The U.S. Trustee does, however, object to certain findings of fact and conclusions of law in the proposed sale order that go significantly beyond the protections provided to buyers under section 363 of the Bankruptcy Code, and are otherwise inappropriate in a sale order, as detailed below.

**JURISDICTION**

2.  Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this objection.

3.  Pursuant to 28 U.S.C. § 586(a)(3), the U. S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the U. S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U. S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U. S. Trustee as a "watchdog").

4.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion and the issues raised in this Objection.

**FACTUAL BACKGROUND AND TERMS OF THE PROPOSED ORDER**

5. On April 21, 2014, the Chapter 7 trustee filed the Motion, together with a motion seeking shortened notice. *See* Dkt. Nos. 229 and 230. On that same day, this Court granted the motion to shorten notice, scheduling the hearing on the Motion for May 5, with an objection deadline of May 2. *See* Dkt. No. 232.

6. The Motion seeks approval of a direct sale of substantially all the assets of the Debtors' estates to the Buyer.

7. As noted above, the U.S. Trustee does not object to the sale to the Buyer, provided that the Chapter 7 Trustee submits the evidence necessary to support such sale. However, there are a number of provision in the proposed sale order to which the U.S. Trustee objects, which are quoted below. The version of the proposed sale order referenced herein is not the original proposed order that was filed with the Motion, but rather one reflecting certain revisions made by counsel for the Chapter 7 Trustee (the "Revised Proposed Sale Order"). Counsel for the Chapter 7 Trustee has indicated that they have not yet received approval of the Buyer to the revisions. In the event the Buyer does not accept such revisions, the U.S. Trustee reserves the right to assert additional objections.[1]

8. The U.S. Trustee objects to the following findings of fact and/or conclusions of law included in the Revised Proposed Sale Order:

---

[1] The majority of the additional provisions to which the U.S. Trustee objects, which the Chapter 7 Trustee has agreed to modify, are similar to the provisions discussed in this Objection, in that they include injunction, release or discharge language in favor of the Buyer, or are related to successor liability. The U.S. Trustee also had some issues relating to assumption and assignment of executory contracts. However, counsel to the Chapter 7 Trustee has indicated that no contracts will be assumed and assigned, and therefore all provisions in the proposed order relating to the same will be removed.

**No Continuation of the Subject Debtors**

17. Jet Midwest is not a mere continuation or an alter ego of the Subject Debtors or their estates. Jet Midwest is not holding itself out to the public as a continuation of the Subject Debtors. Jet Midwest is not a successor to the Subject Debtors or their estates and the sale does not amount to a consolidation, merger, or de facto merger of Jet Midwest and the Subject Debtors.

**Validity of Transfer**

18. The Property constitutes property of the Subject Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

**Claims Against the Buyer**

40. Except for the Assumed Liabilities, or as otherwise expressly provided for in this Approval Order or the Agreement, as applicable, Jet Midwest shall not have any liability or other obligation of the Subject Debtors arising under or related to any of the Property. Without limiting the generality of the foregoing, and except as otherwise specifically provided herein or in the Agreement, Jet Midwest shall not be liable for any Claims against the Subject Debtors or any of their predecessors or affiliates, and Jet Midwest shall not be liable for any claims against the Subject Debtors including under any theory **of antitrust, environmental, successor or transferee liability, labor law,** whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, including liabilities on account of warranties, intercompany loans and receivables between the Subject Debtors, and any taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the operation of any of the Property prior to the Closing. (Emphasis added.)

41. Except as otherwise provided in this Approval Order, the Agreement and the Assumed Liabilities, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade creditors, dealers, employees, litigation claimants, and other creditors, holding Liens, Claims, Encumbrances or Interest of any kind or nature whatsoever, including, without limitation, rights or claims based on any taxes or successor or transferee liability, against or in the Subject Debtors or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the Subject Debtors, the Property, or the operation of the Property before the Closing Date of the Agreement, or the transactions contemplated by the Agreement, **are forever barred, estopped, and permanently enjoined from asserting** against Jet Midwest, its respective successors and assigns, their respective property and the Property, such persons' or entities' Liens, Claims, Encumbrances or Interest, including, without limitation, rights or claims based on any taxes or **successor or transferee liability**; provided, however, nothing in this Approval Order or the Agreement releases, nullifies, precludes, or enjoins the enforcement of any liability or obligation to a governmental unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of the Property after the date of entry of this Approval Order.  (Emphasis added.)

**ARGUMENT**

9. The U.S. Trustee objects to the provisions of the Revised Proposed Sale Order quoted above, because they include findings that the record does not support, provide the Buyer with protections beyond that provided by section 363 of the Bankruptcy Code, and, in some instances, may also implicate jurisdictional issues.

10. The U.S. Trustee objects to all of paragraph 17 of the Revised Proposed Order because it consists of determinations as to whether the Buyer is a successor to, or alter-ego of, the Debtors. Counsel for the Chapter 7 Trustee has indicated that the Buyer intends to introduce evidence on these points. The U.S. Trustee reserves the right to cross-examine such witness. However, testimony alone is not sufficient on this point. The issue of whether one entity is the successor of another is a matter of state law, and there may be more than one state law applicable here, as the property to be sold is located in various states. Moreover, whether the Buyer is treated as a successor under state law will depend primarily, if not exclusively, on actions it may take once the sale closes. As that has yet to happen, if the Court makes findings on the issue of successor liability, such findings should be limited to the Buyer's actions to date.

11. Paragraph 40 of the Revised Proposed Order is objectionable because it requires the Court to make rulings with respect to areas of law governed by other federal statutes, such as antitrust, environmental and labor law. Like paragraph 17, it also includes rulings relating to successor or transferee liability.

12. The U.S. Trustee objects to paragraph 41 of the Revised Proposed Order because it is styled as an injunction. Under section 363(f) of the Bankruptcy Code, a trustee may sell property under subsections (b) or (c) of section 363, "free and clear of any interest in such property of any entity other than the estate" if certain circumstances are met. 11 U.S.C. § 363 (f). That is the protection afforded to a buyer of assets under section 363 – it receives the property "free and clear" of the interest of any other party in the property. There is nothing in section 363 that provides for injunctive relief. Nor does Chapter 7 Trustee, in its Motion, cite to any authority that would support providing such additional benefit to the Buyer.

6

13.     Moreover, given the many protections provided to the Buyer in the Revised Proposed Sale Order, including receiving the property clear and free of all claims and liens, the Buyer has no need for injunctive relief.

14.     Paragraph 18 of the Revised Proposed Order consists of a finding that the property to be sold constitutes property of the Subject Debtors' estates within the meaning of section 541(a).  Counsel for the Chapter 7 Trustee has indicated that it will submit evidence on this issue.  If that evidence is sufficient to support the requested finding, the U.S. Trustee will withdraw its objection to that paragraph.  However, the U.S. Trustee wanted to bring these proposed findings to the Court's attention, so the Court may determine whether there is sufficient evidence in the record to support such findings.

15.     The U.S. Trustee also objects to certain provisons that are addressed in the Motion, but not in the proposed order, concerning the Stalking Horse being paid a break-up fee and expense reimbursement in the event that the Chapter 7 Trustee ultimately sells the assets to another party. *See* Motion, ¶ 10.  In the event such scenario occurs, the U.S. Trustee reserves the right to raise any objections relating to any break-up fee and/or expense reimbursement proposed to be paid.

16.     The U. S. Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

WHEREFORE, the U.S. Trustee requests that this Court deny the Motion, unless the provisions set forth in paragraph 17, 40 and 41 of the Revised Proposed Sale Order are

stricken, and unless sufficient evidence is introduced to support the findings set forth in paragraph 18 of the Revised Proposed Sale Order, and/or grant such other relief as this Court deems appropriate, fair and just.

Dated: May 2, 2014
      Wilmington, Delaware

Respectfully submitted,

**ROBERTA A. DeANGELIS**
**UNITED STATES TRUSTEE**

By: */s/ Juliet Sarkessian*
Juliet Sarkessian, Esquire
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)
Juliet.M.Sarkessian@usdoj.gov