**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. 408** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ASK LLP AS SPECIAL COUNSEL TO COLLECT, LITIGATE & SETTLE ACCOUNTS RECEIVABLE**

Upon consideration of the Application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") to estates of the above-captioned debtors (the "Debtors"), pursuant to sections 327(a) and 328(a) of the Bankruptcy Code seeking authorization to retain and employ ASK LLP ("ASK") as special counsel to collect, litigation and settle accounts receivable in the above-captioned cases; and pursuant to the Steinfeld Affidavit (as defined in the Application) in support of the Application; and the Court being satisfied based on the representations made in the Application and the Steinfeld Affidavit that ASK does not hold or represent any interest adverse to the Debtors' estates, and that the employment of ASK as special counsel to the Trustee is necessary and in the best interests of the Debtors' estates; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that due notice of the Application has been given and no further notice need be given; and upon the

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

proceedings before the Court; and after due deliberation and good and sufficient cause appearing; it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized, pursuant to section 327(a) of the Bankruptcy Code, to retain and employ ASK as special counsel in these Cases, *nunc pro tunc* to July 21, 2014, pursuant to the terms set forth in the Application.

3. The Trustee is hereby authorized to compensate ASK in accordance with the terms and conditions set forth in the Application.

4. ASK shall file a final fee application for final allowance of compensation and reimbursement for its services, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court. All amounts paid to ASK that are not approved by the Court shall be subject to disgorgement.

5. Any fees of ASK that are based on an hourly rate shall not be paid to ASK unless and until ASK files a fee application, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules the Local Rules, and such other procedures as may be fixed by order of this Court, and the Court approves such application.

6. Any reimbursement of expenses for photocopying expenses shall be limited to 10 cents per page.

7. For the avoidance of doubt, the provisions in sections C and D of the Engagement Letter will control over the description in the Application with respect to commissions and reimbursement of expenses to ASK.

8. The Trustee and ASK are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Sept. 17, 2014

The Honorable Mary F. Walrath
United States Bankruptcy Judge