# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1] | Case No. 13-13364 (MFW) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 412, 426** |

### STIPULATION AMONG ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, DAVID FERGUSON AND ROBERT FERGUSON, DOING BUSINESS AS INDY TRUCK AND EQUIPMENT, AND JET MIDWEST GROUP, LLC

Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), Indy Truck and Equipment ("Indy Truck"), and Jet Midwest Group, LLC ("JMW," together with the Trustee and Indy Truck, the "Parties"), hereby stipulate and agree (the "Stipulation") as follows in accordance with the following facts and recitals:

### RECITALS

A.      WHEREAS, on December 31, 2013 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

B.      WHEREAS, prepetition Debtor Evergreen Aviation Ground Logistics Enterprise, Inc. leased certain non-residential real property located at 2425 South Porter Street, Indianapolis, Indiana 46231 (the "Premises").

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389).  The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

C.      WHEREAS, Alfred T. Giuliano was appointed as the Trustee for the estates of the Debtors.

D.      WHEREAS, on August 25, 2014, Indy Truck and Equipment ("Indy Truck"), filed the *Motion of David Ferguson and Robert Ferguson, Doing Business as Indy Truck and Equipment, to Compel Compliance With 11 U.S.C. § 365(d)(3) With Respect to Post-Petition Lease Obligations; or, Alternatively for Allowance and Payment of An Administrative Expense Claim* [Docket No. 412] (the "Motion").

E.      WHEREAS, On September 10, 2014, the Trustee filed the *Chapter 7 Trustee's (I) Objection to Motion of David Ferguson and Robert Ferguson, Doing Business as Indy Truck and Equipment, to Compel Compliance with 11 U.S.C. § 365(d)(3) with Respect to Post-Petition Lease Obligations; or, Alternatively, for Allowance and Payment of an Administrative Expense Claim, and (II) Motion to Continue Hearing in the Alternative to Permit Time for Discovery* [Docket No. 426] (the "Objection").

F.      WHEREAS, the Parties have agreed to address the issues raised in the Motion and Objection pursuant to the terms of this stipulation (the "Stipulation").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** in consideration of the mutual promises contained in this Stipulation, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and both Parties intending to be legally bound by this Stipulation, the Parties hereby agree as follows:

1.      The Trustee and Indy Truck agree that Indy Truck shall have an allowed administrative expense claim in the amount of $22,500.00 (the "Administrative Expense Claim"), for rent for the months of January 2014 through May 2014, which shall be paid as and when any other administrative expense claims are paid in accordance with the priorities under

the Bankruptcy Code. For the avoidance of doubt, JMW shall not be liable to either Indy Truck or the estate for any rental payments accruing prior to JMW closing on the sale transaction.

2.      The Parties hereby acknowledge and agree that, pursuant to section 365 of the Bankruptcy Code, the lease shall be deemed rejected on October 31, 2014, subject to JMW's right to seek a further extension.

3.      JMW and Indy Truck shall negotiate in good faith to promptly come to an agreement concerning the amount of the rental payment due Indy Truck for use of the Premises post rejection and regarding access to the Premises until such time as JMW can remove its property. JMW shall be responsible for the October 2014 rent. Any failure of JMW to pay the rental amounts for the period after October 31, 2014 shall not be considered an obligation or liability of the Debtors' estates.

4.      Indy Truck and JMW may come to a separate agreement regarding entry into a new lease between them; and Indy Truck and JMW shall use their best efforts to provide notice to the Trustee of any such new lease within three (3) business days, with such notice being delivered by e-mail to counsel for the Trustee.

5.      Unless otherwise provided for herein, the Parties agree that the terms of the Stipulation shall become effective upon occurrence of both the (i) execution of this Stipulation by the Parties and (ii) entry of an order by the Bankruptcy Court approving this Stipulation (the "Stipulation Effective Date").

6.      Promptly after execution of this Stipulation by the Parties, the Trustee shall submit it to the Bankruptcy Court for approval and this Stipulation shall be included as an exhibit to any order of the Court approving this Stipulation.

7.      Each of the Parties shall be responsible for its respective costs and expenses

(including, without limitation, attorneys' fees) incurred by it in negotiating, drafting, and executing this Stipulation and shall not be responsible for the payment of any such fees or costs incurred by any other party hereto.

8. This Stipulation shall be binding upon (a) the Debtor and the Trustee and their successors and assigns; (b) Indy Truck and its successors and assigns; and (c) JMW and its successor and assigns.

9. Nothing in this Stipulation shall be deemed or construed as an agreement or admission by the Trustee, on behalf of the Debtors' estates, as to the validity of any other agreement, contract, or lease, and nothing in this Stipulation shall be deemed or construed as an admission as to the validity of any claims by other creditors against the Debtors' estates or a waiver of Trustee's rights, on behalf of the Debtors' estates, to subsequently dispute such other claims on any grounds permitted under applicable law, and the Trustee hereby reserves any and all rights to dispute such claims on any grounds permitted under applicable law.

10. Each party to this Stipulation warrants and represents that the facts set forth herein are true and correct and that it has the power and authority to execute, deliver, and perform the respective obligations under this Stipulation.

11. Indy Truck further represents that it has not transferred any claim (or any portion thereof) that is the subject of this Stipulation.

12. This Stipulation contains the entire agreement among the Parties relating to the subject matter hereof and can only be amended or otherwise modified by a signed writing executed by the Parties.

13. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic (e-mail) transmission, and each of which shall be deemed

an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the parties hereto to be charged.

14.    This Stipulation shall be governed by the laws of the State of Delaware and the Bankruptcy Code.

[Remainder of page intentionally left blank]

15.    The Bankruptcy Court retains jurisdiction with respect to all matters arising from

or related to the implementation, interpretation, and enforcement of this Stipulation.

Dated: _____, 2014

**STEVENS & LEE, P.C.**

_____
John D. Demmy (DE Bar No. 2802)
1105 N. Market Street, 7th Floor
Wilmington, DE 19801
Tel: 302-425-3308
Fax: 610-751-8515
Email: jdd@stevenslee.com

-and-

Stephen M. Gentry, Esquire
55 South State Avenue, Suite 3C8
Indianapolis, Indiana 46201-3876
Tele: (317) 270-3030
Fax: (317) 791-1976
Email: gentrysm@aol.com

Counsel to Indy Truck and Equipment


**DRINKER BIDDLE & REATH LLP**

_____
Howard A. Cohen (DE 4082)
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801-1621
Tel: 302-467-4213
Fax: 302-467-4201
Email: howard.cohen@dbr.com

Counsel to Jet Midwest Group, LLC


**PACHULSKI STANG ZIEHL &
JONES LLP**

_____
Bradford J. Sandler (DE Bar No. 4142)
John W. Lucas (CA Bar No. 271038)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Tel:  (302) 652-4100
Fax:  (302) 652-4400
Email: bsandler@pszjlaw.com
       jlucas@pszjlaw.com
       pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7
Trustee

15.     The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

Dated: October 1, 2014

**STEVENS & LEE, P.C.**

_____
John D. Demmy (DE Bar No. 2802)
1105 N. Market Street, 7th Floor
Wilmington, DE 19801
Tel: 302-425-3308
Fax: 610-751-8515
Email: jdd@stevenslee.com

-and-

Stephen M. Gentry, Esquire
55 South State Avenue, Suite 3C8
Indianapolis, Indiana 46201-3876
Tele: (317) 270-3030
Fax: (317) 791-1976
Email: gentrysm@aol.com

Counsel to Indy Truck and Equipment


**DRINKER BIDDLE & REATH LLP**

_____
Howard A. Cohen (DE 4082)
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801-1621
Tel: 302-467-4213
Fax: 302-467-4201
Email: howard.cohen@dbr.com

Counsel to Jet Midwest Group, LLC


**PACHULSKI STANG ZIEHL & JONES LLP**

_____
Bradford J. Sandler (DE Bar No. 4142)
John W. Lucas (CA Bar No. 271038)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Tel: (302) 652-4100
Fax: (302) 652-4400
Email: bsandler@pszjlaw.com
        jlucas@pszjlaw.com
        pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7
Trustee