## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1] | Case No. 13-13364 (MFW) |
| Debtors. | Jointly Administered |
| | Re: Docket Nos. 39, 117, 474 |

### ORDER GRANTING AMENDED APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(a) AND 328(a), BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, *NUNC PRO TUNC* TO DECEMBER 31, 2013

Upon consideration of the amended application (the "Amended Application")[2] of

Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned

debtors (the "Debtors"), to amend the February 25, 2014 order approving the employment of

Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel to the Trustee, *nunc pro*

*tunc* to December 31, 2013, pursuant to sections 105(a), 327(a) and 328(a) of the Bankruptcy

Code, the Court having reviewed the Amended Application, and the Amended Declaration of

Bradford J. Sandler; the Court finding that: (a) the Court has jurisdiction over this matter

pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157;

(b) notice of the Amended Application and the hearing was sufficient under the circumstances;

(c) the Court having determined, based on the Original Sandler Declaration and the Amended

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Amended Application.

DOCS_DE:194804.4 31265/001

Sandler Declaration, that PSZ&J is a "disinterested person" pursuant to § 101(14) of the

Bankruptcy Code; and (d) the Court having determined that the legal and factual bases set forth

in the Amended Application and the Declaration establish just cause for the relief granted herein;

and it appearing to the Court that the said Amended Application should be approved, it is

HEREBY ORDERED THAT:

1.     The Amended Application is GRANTED.

2.     The Trustee is hereby authorized to retain and employ PSZ&J as counsel

pursuant to sections 105(a), 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and

2016, and Local Rule 2014-1, *nunc pro tunc* to December 31, 2013, on the terms and conditions

set forth in the Amended Application.

9.     PSZ&J shall be compensated for services relating to (a) the recovery of

outstanding accounts receivable and (b) the monetization of other intangible assets (i.e., certain

receivables, credits, and other monies that may be due to the Debtors)  not previously sold by the

Trustee in amount equal to 20% of the gross recovery.[3]  Subject to the standard fee application

procedures and Court approval, PSZ&J is permitted to seek compensation and reimbursement of

expenses from the recovery or liquidation of the intangible assets.

3.     PSZ&J shall apply for compensation for professional services rendered

and reimbursement of expenses incurred in connection with the Debtors' Cases in compliance

with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any applicable

procedures and orders of this Court.

4.     PSZ&J is authorized to render professional services to the Trustee as

described in the Amended Application.

---

[3] For clarity, the 20% of the gross recovery shall be considered a Professional Fee Carve Out under the Final Cash Collateral Order [Docket No. 202].

DOCS_DE:194804.4 31265/001

5.    The Trustee and PSZ&J are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2015

The Honorable Mary F. Walrath
United States Bankruptcy Judge

DOCS_DE:194804.4 31265/001