**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. 539** |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a) AND DEL. BANKR. L. R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF PAYMENT PROCESSING SERVICES, LLC TO RECOVER DORMANT FUNDS**

Upon consideration of the Application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order authorizing the Trustee to employ and retain Payment Processing Services, LLC ("PPS"), as the Trustee's agent to pursue recovery of certain dormant funds, pursuant to Bankruptcy Code sections 327(a) and 328(a); the Court having reviewed the Application and the Declaration of G. Harold Christian (the "Declaration"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) PPS does not hold or represent any interest adverse to the Debtors' estates, (d) PPS is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code and (e) employment of PPS is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

finding that notice of the Application was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Declaration and at the hearing establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Trustee is authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, to employ and retain PPS pursuant to the terms of the Agreement attached to the Application, which is hereby approved for purposes of section 328(a) of the Bankruptcy Code.

3. Notwithstanding anything to the contrary in the Application, the Declaration, or the Agreement, during the course of PPS's engagement by the Trustee, PPS shall act exclusively as the Trustee's agent for the purposes described in the Application, and shall not represent or act on behalf of any prospective purchaser, tenant, or any other party with an interest or potential interest with respect to property of the Debtors' estates.

4. Prior to payment to PPS, the Trustee shall file and serve a notice (the "Fee Notice") indicating the amount of the recovery by PPS and the amount of the fee to be received by PPS. The Fee Notice shall be served on the Office of the United States Trustee and any parties that have filed requests for notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). The Notice Parties shall have ten days to file an objection to the Fee Notice. If no objections are filed by such ten-day objection deadline, the Trustee may pay PPS its fee per the Agreement.

5. To the extent that there may be any inconsistency between the terms of the Application, the Agreement, and this Order, the terms of this Order shall govern.

6. The Trustee and PPS are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order or the Agreement.

Dated: May 15, 2015

Mary F. Walrath
The Honorable Mary F. Walrath
United States Bankruptcy Judge



DOCS_DE:199417.3 31265/001