## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| EVERGREEN INTERNATIONAL | ) | Case No. 13-13364 (MFW) |
| AVIATION, INC., *et al.*, | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: September 16, 2015 at 4:00 p.m. (Eastern Time)** |
| | ) | |
| | ) | **Hearing Date: September 23, 2015 at 2:00 p.m. (Eastern Time)** |
| | ) | |

## MOTION OF WORLD FUEL SERVICES, INC. FOR RELIEF FROM STAY
## UNDER SECTION 362 OF THE BANKRUPTCY CODE

World Fuel Services, Inc. ("**WFS**") hereby moves (the "**Motion**") for relief from the

automatic stay pursuant to Section 362(d) of the Bankruptcy Code in order to pursue a quiet title

action in Oregon state court against the estates (the "**Estates**") of the above-captioned debtors (the

"**Debtors**") regarding certain real property and improvements located in Oregon.  In support of

this Motion, WFS respectfully states as follows:

## BACKGROUND

### The Bankruptcy Cases

1.      On December 31, 2013 (the "**Petition Date**"), Evergreen International Aviation,

Inc. ("**EA**") and its affiliated Debtors filed voluntary petitions for relief under Chapter 7 of the

Bankruptcy Code (the "**Cases**") in the United States Bankruptcy Court for the District of

Delaware (the "**Bankruptcy Court**").

2.      Alfred T. Giuliano was appointed Chapter 7 Trustee (the "**Trustee**") over the

Debtors' Estates.

3.      On May 30, 2014, the Bankruptcy Court entered the *Order Granting Motion of*

*Alfred T. Giuliano, Chapter 7 Trustee, for Approval of the (A) Sale of Substantially All of the*

51039048.4

*Assets of Evergreen International Aviation, Inc., Evergreen International Airlines, Inc., and Evergreen Aviation Ground Logistics, Inc. Free and Clear of All Liens and Claims, (B) Assumption and Assignment of Designated Contracts and Leases to Jet Midwest Group, LLC, and (C) Granting Related Relief as Necessary* [Docket No. 338] (the "**Sale Order**").

4.      WFS is a creditor and interested party in these Cases.  Pursuant to the Debtors' Schedules of Assets and Liabilities, WFS is listed on Schedule F as holding an unsecured "Litigation" claim in the amount of $9,092,000.00.[1]

## Dispute Regarding Interests in the Oregon Property

5.      EA was a global aviation services company that provided air cargo transport and aviation support services.

6.      WFS provided fuel to EA's subsidiary, Evergreen International Airlines, Inc. ("**Airlines**").  Airlines became delinquent in making payments on account of the fuel service. Therefore, in exchange for continuing to supply the company with fuel, WFS requested corporate guarantees from some of Airlines' subsidiaries and affiliated entities.

7.      Evergreen Holdings, Inc. ("**Holdings**"), a nondebtor, is one of the entities that guaranteed the debt owed to WFS.  Holdings owns real estate and improvements located at 3800 SE Three Mile Lane, McMinnville, Oregon 97128 (Tax Lot #:  R4426-00102), which includes 12.97 acres of land, an office building, and an approximately 30,000 square foot aircraft hangar (collectively, the "**Property**").

8.      Evidence of Holdings' ownership of the Property can be found in a number of legal documents:

  a)   A copy of the *Statutory Bargain and Sale Deed* dated May 5, 1997, through which Holdings became the titled owner of the Property.  See Exhibit A.

---

[1] The claim is listed as contingent, unliquidated, and disputed.

b) A copy of a *Trust Deed* dated July 18, 2013, through which Holdings, as the owner of the Property, conveyed an interest in the Property to a creditor. See <u>Exhibit B</u>.

c) A copy of a *Lease* dated May 2, 2013, which lists Holdings as the owner and landlord of the Property.[2]

9.      Based on Holdings' guaranty of the debt owed by Airlines, WFS has secured a judgment against Holdings. See copy of *Limited Judgment* attached hereto as <u>Exhibit C</u>. As a result of the judgment, WFS has a recognized judgment lien against the Property. See *Title Report* of Property attached hereto as <u>Exhibit D</u>, which also identifies Holdings as the owner of the Property.

10.      WFS has engaged in discussions with Trustee's counsel regarding the Property. Through those discussions, WFS has learned that the Trustee is asserting an interest in the Property on behalf of EA, notwithstanding the recorded legal documents that show nondebtor Holdings as the owner of the Property. In support of this contention, the Trustee has provided WFS with just a three-page *Omnibus Bill of Sale* dated May 2, 2013, which is attached hereto as <u>Exhibit E</u>. Notably, Holdings is not a party to the *Omnibus Bill of Sale*. Instead, the unrecorded *Omnibus Bill of Sale* purports to transfer rights, titles, and interests belonging to Evergreen Helicopters, Inc., "if any," to EA. The "building and all improvements" on the Property is listed as one of Evergreen Helicopter, Inc.'s "rights, titles, and interests." See <u>Exhibit E</u>.

11.      Based on the recorded legal documents that show Holdings as the owner of the Property, WFS believes it is clear that the Trustee has no valid interest or rights in the Property. However, out of an abundance of caution, WFS seeks to lift the stay pursuant to

---

[2] A copy of the Lease that was produced to WFS is designated as "CONFIDENTIAL." Accordingly, WFS has not attached a copy of the Lease to this Motion.

Section 362 of the Bankruptcy Code in order to file a quiet title action regarding the Property in Oregon state court to legally determine the respective ownership rights to the Property.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

13.    This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## RELIEF REQUESTED

14.    By this Motion, WFS seeks relief from the automatic stay for the purpose of allowing WFS to commence a quiet title action in Oregon state court (or any other court of competent jurisdiction) to determine all rights and interests with respect to the Property.

## BASIS FOR RELIEF

15.    Relief from the automatic stay of 11 U.S.C. § 362(a) is governed by 11 U.S.C. § 362(d) which reads, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay - (1) for cause...

11 U.S.C. § 362(d).  Although the movant bears the initial burden to show that "cause" exists, once a *prima facie* case of "cause" is shown, the Trustee (as the party opposing stay relief) has the ultimate burden of disproving the existence of "cause" pursuant to Section 362(g) of the Bankruptcy Code. *See*, *e.g., In re 234-6 West 22nd St. Corp.,* 214 B.R. 751, 756 (Bankr. S.D.N.Y. 1997).

16.     "Cause" is not defined by the Bankruptcy Code. Consequently, a Bankruptcy Court must decide what constitutes "cause" to lift the automatic stay on a case-by-case basis. *See Izzarelli v. Rexene Prod. Co. (In re Rexene Prod. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992).   "Cause is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re The SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007).

17.     According to the court in *Rexene*, the legislative history of Section 362 provides that cause may be established by a single factor such as "a desire to permit an action to proceed. . . in another tribunal" or "lack of any connection with or interference with the pending bankruptcy case". *Rexene*, 141 B.R. at 576 (citing H.R. rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977)).   Courts determine what constitutes "cause' based on the totality of the circumstances in each particular case. *Baldino v. Wilson*, 116 F.3d 87, 90 (3d Cir. 1997).

18.     The court in *Rexene* provides a "balancing test" to determine whether cause exists to lift the automatic stay.  141 B.R. at 576.  The balancing test looks at three factors to decide whether to lift the automatic stay, including:

    a)   any great prejudice to either the bankrupt estate or the debtor from the relief requested;

    b)   the hardship to the [non-bankrupt party] by maintenance of the stay considerably outweighs the hardship of the debtor; and

    c)   the movant has a probability of prevailing on the merits.

*Rexene*, 141 B.R. at 576.  *In re SCO Group, Inc.*, 395 B.R. at 856.  *See also, Int'l Bus. Machines v. Fernstrom Storage and Van Co. (Matter of Fernstrom Storage and Van Co.)*, 938 F.2d 731, 735 (7th Cir. 1991).  To establish cause, the movant must show that the "balance of hardships from

not obtaining relief tips significantly in [its] favor." *Alt. Marine, Inc. v. Am. Classic Voyages, Co. (In re Am. Classic Voyages, Co.),* 298 B.R. 222, 235 (D. Del. 2003) (internal citations omitted).

19.     As set forth below, each factor weighs heavily in favor of granting WFS relief from the automatic stay.

### The Estates Will Not Suffer Great Prejudice

20.     As to the first factor, granting WFS relief from the stay will not impose great prejudice on the Debtors' estates or impede the administration of the Cases.  *See In re Marvin Johnson's Auto Service, Inc.,* 192 B.R. 1008, 1014 (Bankr. N.D. Alaska 1996) (noting the court should consider the extent to which trial in a non-bankruptcy forum will interfere with the progress of the bankruptcy case.).  Nothing before the Bankruptcy Court will be held in abeyance as a result of WFS commencing its quiet title action.  Nor does WFS anticipate that the Trustee or his professionals will need to dedicate substantial time or resources in addressing the Oregon state court action.

21.     Moreover, pursuant to Section 541 of the Bankruptcy Code, a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case."  11 U.S.C. § 541(a)(1).  Upon information and belief, any interest in the Property is owned by Holdings and not one of the affiliated Debtors or their Estates.  As such, there can be absolutely no prejudice to the Trustee.

### Hardship of the Movant Outweighs That of the Debtors' Estates

22.     Similarly, as to the second factor, the hardship to WFS considerably outweighs any hardship to the Estates if the stay is lifted.  If the Trustee has no interest in the Property, there can be no hardship.  However, there is certainly hardship to WFS.  WFS has a valid judgment lien against Holdings, a nondebtor, and in order to pursue its legal remedies, WFS needs to

determine the ownership rights to the Property.  The Property is in Oregon, and Holdings is in Oregon.  There can be no question that an Oregon state court is the appropriate forum for a quiet title action regarding the Property, and the legal determination of interests should not be delayed by these bankruptcy cases, to the detriment of WFS, especially when the Estates' have no interest in the Property.

### WFS is Likely to Succeed on the Merits

23.    As to the third factor, the required showing of probable success is "very slight." In *re Rexene,* 141 B.R. at 578 ("Only strong defenses to state court proceedings can prevent a bankruptcy court from granting relief from stay. . ."). *In re ABC Learning Centres Ltd. n/k/a ZYX Learning Centres Ltd. & A.B.C. USA Holdings Pty Ltd.*, 445 B.R. 318, 338 (Bankr. D. Del. 2010) ("Even a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case.").

24.    WFS's probability of success on the merits is high, or at least well beyond the "very slight" probability of success required to satisfy this third prong in favor of stay relief.  The quiet title action will determine the respective ownership interests in the Property.  As evidenced by the *Statutory Bargin and Sale Deed*, the *Trust Deed*, the *Lease*, and the *Title Report*, Holdings owns the Property.  The Estates have no interest in the Property, and WFS is highly likely to succeed on the merits.

25.    In summary, the hardship of maintenance of the stay is significant as to WFS, there will be no prejudice to the Trustee or the Debtors' estates if a quiet title action is permitted to proceed, and WFS has a high likelihood of success on the merits.  Thus, the balance of equities and consideration of the factors set forth above overwhelmingly favors lifting the automatic stay.

26.     Further, WFS requests a waiver of the 14-day stay period under Bankruptcy Rule 4001(a)(3) should WFS's Motion be granted, as expediency in resolution of the Property issues is key and the 14-day stay would serve only to further delay that resolution.

27.     No prior request for the relief sought herein has been made to this or any other Court.

## **NOTICE**

28.     WFS has served a copy of this Motion on the Office of the United States Trustee, the Chapter 7 Trustee, counsel for the Chapter 7 Trustee, and all parties requesting notices in these Cases.  Under the circumstances, WFS submits that such notice is sufficient.

29.     For the reasons set forth above, WFS respectfully requests that this Court grant WFS relief from the automatic stay to proceed with a quiet title action in Oregon, and such other relief as this Court deems just and appropriate.

Dated:  Wilmington, Delaware                    Respectfully submitted,
             September 2, 2015

                                                                       POLSINELLI PC

                                                                         _/s/  Justin K. Edelson_
                                                                       Justin K. Edelson (Del. Bar No. 5002)
                                                                       222 Delaware Avenue, Suite 1101
                                                                       Wilmington, Delaware  19801
                                                                       Telephone: (302) 252-0920
                                                                       Fax: (302) 252-0921
                                                                       jedelson@polsinelli.com

                                                                       COUNSEL FOR WORLD FUEL SERVICES, INC.