IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL<br>AVIATION, INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>(Jointly Administered)<br><br>Related to Dkt. No. 738, 781 |

## ORDER GRANTING LENDERS LEAVE, STANDING, AND AUTHORITY TO PURSUE CLAIMS ON BEHALF OF THE BANKRUPTCY ESTATES

Upon the Emergency Motion of the Lenders[2] for Entry of an Order Granting Leave, Standing, and Authority to Pursue Claims on Behalf of the Estates (the "**Motion**") [D.I. 738], requesting an order granting Lenders leave, standing, and authority as the representatives of the Debtors' estates to pursue, prosecute, and settle any and all potential claims of the Debtors' estates against Skadden, Arps, Slate, Meagher & Flom LLP (and certain of its current and former attorneys) ("**Skadden**") including potential claims for legal malpractice and disgorgement, in connection with Skadden's conflicted representation of the Debtors and other entities, including in multiple transactions through which valuable assets may have been diverted to insiders at the expense of the Debtors, prior to the commencement of this bankruptcy proceeding (collectively, the "**Claims**"); and due and sufficient notice of the Motion and the hearing thereon having been provided; and upon consideration of the Motion and all pleadings related thereto; and a hearing

---

[1] The Debtors, as such term is used herein, and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] The "Lenders" as such term is used herein shall refer to the Lenders pursuant to: that certain Amended and Restated First Lien Credit and Guaranty Agreement dated as of June 30, 2011 (as amended and restated as of May 2, 2013, together with all other loan and security documents executed in connection therewith (the "First Lien Credit Documents"); that certain Second Amended and Restated Second Lien Credit Agreement, dated May 2, 2013, together with all other loan and security documents executed in connection therewith (the "Second Lien Credit Documents" and together with the First Lien Credit Documents, the "Pre-Petition Credit Documents"); and the Court's Final Order Authorizing the Use of Cash Collateral and Providing Adequate Protection [D.I. 202] (the "Final Cash Collateral Order").

on the Motion having been held on March 23, 2016; and the Court having heard the statements of counsel and testimony of the Trustee and declarations filed by the Trustee and Lopez regarding the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief requested therein; and the Court having found that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Lenders are authorized on behalf of and as representatives of the Debtors' estates to pursue, prosecute, and settle the Claims against Skadden.

2. The Lenders have succeeded to the attorney-client privilege, the work product privilege, and any other applicable privileges of the Debtors and their estates (the "**Privileges**") related in any way to the Claims and, as such, are authorized to hold, assert and waive the Privileges with respect to the Claims.

3. The Lenders are granted sole authority to settle the Claims, if and to the extent determined appropriate to do so by the Lenders, subject to Bankruptcy Court approval pursuant to Federal Rule of Bankruptcy Procedure 9019.

4. In accordance with the risk the Lenders are assuming in financing the investigation and pursuit of the Claims, upon recovery, whether by judgment or settlement, the Lenders shall be reimbursed, subject to Bankruptcy Court approval for all reasonable fees and expenses incurred and approved after the date of this order to investigate, settle, or prosecute the Claims from the recovery on the Claims ("**Reimbursement**"). Furthermore, after Reimbursement to the Lenders on account of their unsecured deficiency claims, 75% of the

- 3 -

remaining funds recovered (the "**Net Proceeds**") shall be distributed to the Lenders on account of their claims against the Debtors and their estates, and the remaining 25% of the Net Proceeds shall be distributed in accordance with the priorities set forth in the Bankruptcy Code to the other claimants of the Debtors' estates.

5. The Court shall retain jurisdiction to hear and determine all matters and disputes arising out of or relating to the implementation or interpretation of this Order.

6. Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, to the extent applicable, this Order becomes effective immediately.

Dated: March 28, 2016
Wilmington, Delaware

Honorable Mary F. Walrath
United States Bankruptcy Judge