**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. 816** |

**ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a) AND DEL. BANKR. L. R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF ACRS GROUP, LLC TO RECOVER CLASS ACTION FUNDS, NUNC PRO TUNC TO OCTOBER 28, 2016**

Upon consideration of the Application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order authorizing the Trustee to employ and retain ACRS Group, LLC ("ACRS"), *nunc pro tunc* to October 28, 2016, as the Trustee's agent to pursue recovery in pending anti-trust, class-action or other proceedings in which the Debtors' estates may have an opportunity to file a claim and to receive payment or a refund, pursuant to Bankruptcy Code sections 327(a) and 328(a); the Court having reviewed the Application and the declaration of Sarah Brown (the "Declaration") and the supplemental declaration of Fred Brown [Docket No. 817] (the "Supplemental Declaration"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) ACRS does not hold or represent any interest adverse to the Debtors'

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' address is 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

estates, (d) ACRS is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code and (e) employment of ACRS is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court finding that notice of the Application and opportunity for a hearing was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Declaration, the Supplemental Declaration establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Trustee is authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, to employ and retain ACRS, *nunc pro tunc* to October 28, 2016, pursuant to the terms of the Agreement attached to the Application, which is hereby approved for purposes of section 328(a) of the Bankruptcy Code.

3. Notwithstanding anything to the contrary in the Application, the Declaration, the Supplemental Declaration, or the Agreement, ACRS shall not receive any fee with respect to any claims filed by ACRS before October 28, 2016, in the following matters: (a) In re Air Cargo Shipping Services Antitrust Litigation, Case No. 06-MD-1775 (E.D.N.Y.), including but not limited to checks received to date of $49,091.93 and $10,243.79; and (b) Previsions Associates, Inc. v. Panalpina World Transport, Case No. 1:08-cv-00042 (E.D.N.Y.) (the "Freight Forwarders Action"), for which ACRS shall remit any distribution checks received in the Freight Forwarders Action to the Trustee within ten (10) days of receipt and ACRS shall not receive any fee on such distribution.

4. Notwithstanding anything to the contrary in the Application, the Declaration, the Supplemental Declaration, or the Agreement, during the course of ACRS engagement by the Trustee, ACRS shall act exclusively as the Trustee's agent for the purposes described in the Application, and shall not represent or act on behalf of any prospective purchaser, tenant, or any other party with an interest or potential interest with respect to property of the Debtors' estates.

5. Prior to payment to ACRS, the Trustee shall file and serve a notice (the "Fee Notice") indicating the amount of the recovery by ACRS and the amount of the fee to be received by ACRS. The Fee Notice shall be served by first class mail on the Office of the United States Trustee and any parties that have filed requests for notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). The Notice Parties shall have ten (10) days to file an objection to the Fee Notice. If no objections are filed by such ten-day objection deadline, the Trustee may pay ACRS its fee per the Agreement.

6. To the extent that there may be any inconsistency between the terms of the Application, the Agreement, and this Order, the terms of this Order shall govern.

7. The Trustee and ACRS are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction with respect to all matters related to the interpretation or implementation of this Order or the Agreement.

Dated: Dec. 19, 2016

The Honorable Mary F. Walrath
United States Bankruptcy Judge