## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL<br>AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>**Objection Deadline: Jan. 17, 2017 at 4:00 p.m. (ET)**<br>**Hearing Date: Feb. 1, 2017 at 2:00 p.m. (ET)** |

### MOTION OF ALFRED T. GIULIANO,
### CHAPTER 7 TRUSTEE, TO APPROVE ENTRY INTO SETTLEMENT AGREEMENT
### FOR SETTLEMENT OF LITIGATION BY THE TRUSTEE AGAINST ANCHORAGE
### CAPITAL GROUP, LLC, AND NEXGEN AVIATION CAPITAL, LLC

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached to the Motion as Exhibit A, under sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving entry into a settlement agreement (the "Settlement Agreement") for acceptance of $1,550,000 in full and final settlement of the action entitled *Evergreen International Airlines, Inc., et al., v. Anchorage Advisors, LLC*, et al., No. 14-35490, currently pending in the United States Court of Appeal for the Ninth Circuit. A copy of the form of Settlement Agreement is attached Exhibit 1 to the proposed order to approve this Motion. In support of this Motion, the Trustee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' former address was 3850 Three Mile Lane, McMinnville, Oregon 97128.

## Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference from the United States District Court*

*for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within

the meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Local Rule

9013-1(f) to the entry of a final order by the Court in connection with this Application to the

extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

2.      Venue of this proceeding and this Motion is proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 105(a) and 363

of the Bankruptcy Code and Bankruptcy Rule 9019.

## Background

4.      On December 31, 2013 (the "Petition Date"), the Debtors each

commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the

Bankruptcy Code (collectively, the "Cases").  Alfred T. Giuliano was appointed as the Trustee.

The Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule

1015(b).

5.      Based in McMinnville, Oregon, the Debtors were a privately-held global

aviation services company that was a leading provider of diversified air cargo transportation and

aviation support services under the Evergreen name.

2

## Settlement Background

6.      On November 22, 2011, Evergreen International Airlines, Inc., and

Evergreen International Aviation, Inc. (collectively "Evergreen"), commenced an action against

Defendants Anchorage Capital Group, LLC, (successor in interest to Anchorage Advisors, LLC)

and NexGen Aviation Capital, LLC in the action entitled *Evergreen International Airlines, Inc.,*

*et al., v. Anchorage Advisors, LLC*, et al., No. 3:11-CV-1416-PK, in the United States District

Court for the District of Oregon, Portland Division (the "Anchorage Litigation").   In its first

amended complaint, which was the operative complaint, Evergreen raised three claims: (1)

intentional interference with contract, (2) breach of fiduciary duty, and (3) conspiracy based on

the purchase by Defendants of three Air France 747-400 cargo planes and the sale of those

planes to an Evergreen competitor for a profit to Defendants.  The allegations of the Anchorage

Litigation are briefly summarized below.

7.      In 2006, Avion Aircraft Trading HF ("Avion"), an Icelandic company,

entered into three contracts with Air France to purchase three 747-400 aircraft that would be

converted to cargo configuration and delivered on a staggered schedule beginning in late 2009.

In 2007, Evergreen entered into three contracts with Avion pursuant to which Evergreen would

purchase from Avion the three Air France planes concurrent with Avion's purchase of the planes

from Air France.  Evergreen paid Avion a down payment of $5 million for each plane or a total

of $15 million.

8.      In March 2010, Evergreen and the Defendants executed a letter of intent

under which Defendants would purchase the aircraft through an assignment of Evergreen's rights

under the Avion contracts and then lease them to Evergreen at a monthly rent of 1.67% of the

purchase price.  Pursuant to an exclusivity provision in the letter of intent, Defendants have the

3

sole right and power to negotiate the purchase of the aircraft and Evergreen was entirely

excluded from those negotiations.  Thereafter, the Defendants negotiated a highly favorable

purchase price from Air France, but refused to honor the 1.67% lease rate factor.  Consequently,

the lease transaction never occurred.

9.      Unbeknownst to Evergreen, the Defendants were in discussions with

National Air Cargo to sell the planes to National despite Defendants' deal with Evergreen.  Once

the Defendants had locked up the deal to buy the planes from Air France and sell them to

National, Defendants ceased negotiations with Evergreen and entered into a back-to-back deal

that closed in June 2010 and netted Defendants (and Avion) a substantial profit.  As part of

Defendants' scheme, Avion "terminated" the contracts with Evergreen but did not return the $15

million deposit.  Evergreen sought recovery of the $15 million deposit as well as lost profits and

consequential damages.

10.     On December 9, 2013, Evergreen filed a motion for partial summary

judgment on its breach of fiduciary duty cause of action.  Also, on December 9, 2013,

Defendants filed a motion for summary judgment on all three causes of action.

11.     While the motions were pending, on December 31, 2013, Evergreen filed

voluntary petitions under chapter 7 of the Bankruptcy Code with this Court.  On April 11, 2014,

Alfred T. Giuliano was substituted as plaintiff in his capacity as the chapter 7 trustee of the

Evergreen bankruptcy estates.

12.     On May 13, 2014, the district court (Magistrate Judge Paul Papak by

consent of the parties) denied Evergreen's motion and granted Defendants' motion for summary

judgment and entered judgment against Evergreen.  The district court determined that the parties

were not in a fiduciary or "special" relationship under Oregon law and, hence, dismissed

4

Evergreen's breach of fiduciary duty claims. The district court also determined that Defendants did not use "improper means" to effectuate an interference with Evergreen's contracts under Oregon law. And the district court also determined that Evergreen was incapable of performing the relevant contracts and, accordingly, could not have been damaged by any alleged interference.

13.     Evergreen timely appealed to the United States Court of Appeals for the Ninth Circuit (the "Appeal"). That Appeal, entitled *Alfred Thomas Giuliano v. Anchorage Advisors, LLC, et al.*, No. 14-35490, is currently pending and has been scheduled for argument in March 2017.

## Relief Requested

14.     By this Motion, the Trustee seeks entry of an order approving entry into the Settlement Agreement, the form of which is attached as <u>Exhibit 1</u> to the proposed order to approve the Motion.

15.     Briefly summarized,[2] under the terms of the Settlement Agreement, Defendants will pay the Trustee, through the Trustee's counsel's client trust account, $1,550,000. In exchange, the parties will dismiss the Appeal and execute mutual general releases.

## Basis for Relief Requested

16.     The Trustee has concluded that continuing to litigate the Anchorage Litigation is not warranted in light of the uncertainty of the Appeal and the additional cost that would be incurred in the event the Appeal were successful.

---

[2] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

17.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).

18.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

19.     In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's

6

decision. *Id.* at 395. A bankruptcy court does not need to conduct an evidentiary hearing as a

prerequisite to approving the settlement. *In re Depositer*, 36 F.3d 582, 586 (7th Cir. 1994).

Instead, it is the responsibility of the bankruptcy court to "canvass the issues and see whether the

settlement falls below the lowest point in the range of reasonableness." *In re Spielfogel*, 211

B.R. 133, 143-44 (Bankr. S.D.N.Y. 1997).

20.     The Trustee believes the Settlement Agreement is fair and reasonable and

is in the best interests of the Debtors, their creditors, and the estates, and should be approved

pursuant to Bankruptcy Rule 9019. The Settlement Agreement avoids the uncertainty whether

the Appeal will be successful and whether the Trustee will make any recovery at all in the

Anchorage Litigation. The Settlement Agreement also avoids additional litigation and the time

and costs associated with addressing such additional litigation. In exchange, the Debtors' estates

receive $1,550,000 and the parties dismiss the appeal and exchange mutual general releases of

any claims that could be asserted by and between them. The Settlement Agreement was

negotiated at arm's length and in good faith. In addition, the Debtors' prepetition lenders

support approval of the Settlement Agreement. Accordingly, the Trustee respectfully requests

that the Court approve the form of the Settlement Agreement.

21.     In addition, a settlement of claims and causes of action by a debtor in

possession constitutes a use of property of the estate. *See Northview Motors, Inc. v. Chrysler

Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary

course of business of the debtor, it requires approval of the bankruptcy court pursuant to section

363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the

Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019

sets forth the procedure for approving an agreement to settle or compromise a controversy.").

7

Courts normally defer to the debtor's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

22.    Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required.  The Settlement Agreement provides for, among other terms, mutual releases among the Parties.  The estate has the benefit of getting payment of $1,500,000 and a release of proofs of claim already filed by the Defendants against the estates and a release of any other claims that could be asserted by the Defendants against the estates. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval).  For the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

### Notice

23.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) counsel to the Debtors' prepetition lenders; (d) counsel to the Defendants; and (e) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

8

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the proposed order attached to the Motion as <u>Exhibit A</u>, and grant such other relief as is just and proper.

Dated:  January 3, 2017                              PACHULSKI STANG ZIEHL & JONES LLP

                                                     */s/ Peter J. Keane*
                                                     Bradford J. Sandler (DE Bar No. 4142)
                                                     Peter J. Keane (DE Bar No. 5503)
                                                     919 N. Market Street, 17th Floor
                                                     Wilmington, DE  19801
                                                     Telephone:  (302) 652-4100
                                                     Facsimile:  (302) 652-4400
                                                     Email:      bsandler@pszjlaw.com
                                                                 pkeane@pszjlaw.com

                                                     Counsel to Alfred T. Giuliano, Chapter 7 Trustee

9