IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1] <br><br> Debtors. | Chapter 7 <br><br> Case No. 13-13364 (MFW) <br><br> Jointly Administered <br><br> **Re: Docket No. 918** |

ORDER GRANTING APPLICATION OF ALFRED T. GIULIANO,
CHAPTER 7 TRUSTEE, FOR AN ORDER (I) PURSUANT TO BANKRUPTCY CODE
SECTIONS 327(A) AND 328(A), BANKRUPTCY RULES 2014(A) AND 2016,
AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN
JNR ADJUSTMENT COMPANY, INC. AS COLLECTION AGENT, NUNC PRO TUNC
TO AUGUST 21, 2018; AND (II) GRANTING WAIVER OF LOCAL RULE 2016-2

Upon consideration of the application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") for (a) authority to employ and retain JNR Adjustment Company, Inc. ("JNR") as collection agent to pursue collection of default judgments previously obtained by the Trustee on behalf of the Debtors' estates, effective *nunc pro tunc* to August 21, 2018, pursuant to sections 327 and 328 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (b) a waiver of Local Rule 2016-2 with regard to time keeping requirements; the Court having reviewed the Application, and the Declaration of Robert Nielsen (the "Declaration"); the Court finding that: (a) the Court has jurisdiction over this

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' former address was 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) the Court having determined that JNR is a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code; and (d) the Court having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein; and it appearing to the Court that the said Application should be approved, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to retain and employ JNR as collection agent to pursue collection of default judgments previously obtained by the Trustee on behalf of the Debtors' estates, pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, *nunc pro tunc* to August 21, 2018.

3. JNR is authorized to render professional services to the Trustee as described in the Application and pursuant to the Agreement.

4. JNR shall be compensated on a contingency fee basis as set forth in the Application and pursuant to the Agreement, without further order of the Court but subject to the terms of this Order.

5. JNR shall not be required to maintain or submit to the Court records of detailed time entries in connection with professional services rendered in these cases.

6. The requirements of Local Rule 2016-2(d) are waived.

7. Prior to payment to JNR, the Trustee shall file and serve a notice (the "Fee Notice") indicating the amount of the recovery by JNR and the amount of the fee to be received

by JNR. The Fee Notice shall be served by first class mail on the Office of the United States Trustee and any parties that have filed requests for notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). The Notice Parties shall have ten (10) days to file an objection to the Fee Notice. If no objections are filed by such ten-day objection deadline, the Trustee may pay JNR its fee.

8. Notwithstanding any term in the Agreement to the contrary, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

9. The limitation of liability section in Article 8 the Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. The Trustee and JNR are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 18th, 2018
Wilmington, Delaware

2

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE