## EXHIBIT B

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket No. _____** |

### ORDER GRANTING APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR AN ORDER (I) PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A), BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN HARRIS, ECKLAND & ASSOCIATES AS COLLECTION AGENT, EFFECTIVE AS OF MARCH 28, 2022; AND (II) GRANTING WAIVER OF LOCAL RULE 2016-2

Upon consideration of the application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") for (a) authority to employ and retain Harris, Eckland & Associates ("HEA") as collection agent to pursue collection of certain unclaimed assets held by the State of Florida on behalf of Debtor Evergreen Trade, Inc. (the "Unclaimed Property"), effective as of March 28, 2022, pursuant to sections 327 and 328 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (b) a waiver of Local Rule 2016-2 with regard to time keeping requirements; the Court having reviewed the

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' former address was 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

Application, and the Declaration of Rachael Ramsey (the "<u>Declaration</u>"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) the Court having determined that HEA is a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code; and (d) the Court having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein; and it appearing to the Court that the said Application should be approved, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to retain and employ HEA as collection agent to pursue the Unclaimed Property behalf of the Debtors' estates, pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of March 28, 2022.

3. HEA is authorized to render professional services to the Trustee as described in the Application and pursuant to the Agreement.

4. HEA shall be compensated on a contingency fee basis as set forth in the Application and pursuant to the Agreement, without further order of the Court but subject to the terms of this Order.

5. HEA shall not be required to maintain or submit to the Court records of detailed time entries in connection with professional services rendered in these cases.

6. The requirements of Local Rule 2016-2(d) are waived.

7. Prior to payment to HEA, the Trustee shall file and serve a notice (the "Fee Notice") indicating the amount of the recovery by HEA and the amount of the fee to be received by HEA. The Fee Notice shall be served by email (if available, or first class mail if no email is available) on the Office of the United States Trustee and any parties that have filed requests for notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). The Notice Parties shall have seven (7) days to file an objection to the Fee Notice. If no objections are filed by such seven-day objection deadline, the Trustee may pay HEA its fee.

8. The Trustee and HEA are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.