IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>                     Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>**Objection Deadline: Oct. 19, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: Oct. 26, 2022 at 2:00 p.m. (ET)** |

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER IMPLEMENTING MARTIN SETTLEMENT AND GRANTING RELATED RELIEF**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Trustee to complete the Martin Settlement (defined below); and (b) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

**Preliminary Statement**

1. This chapter 7 case has a long history marked with significant and complex litigation in the early years of this bankruptcy. Thankfully, however, as this case approaches its nine-year anniversary, there is light at the end of the tunnel.

2. Although the court docket over the last few years reflects minimal activity, the Trustee has been actively monitoring and providing diligence and consultation in pending Oregon federal district court litigation between two lienholders – Andrew Martin ("Martin") and

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' former address was 3850 Three Mile Lane, McMinnville, Oregon 97128.

World Fuel Services, Inc. ("World Fuel") – over the 3800 Property, a valuable asset in which the Trustee asserted an interest in a pending adversary against World Fuel before this Court, and which serves as the only remaining meaningful source of recovery in these chapter 7 cases.

        3.        Following this Court's approval of the Trustee's settlement with Martin (the "Martin Settlement") over an alleged fraudulent transfer, Martin foreclosed on his lien on the 3800 Property and sold it, but, given the pending disputes with World Fuel, the Oregon district court required that the sale proceeds be placed in escrow. Accordingly, the Trustee was required to wait out the adjudication of that Oregon litigation, which would determine the success of recoveries to the estate. The Oregon litigation was lengthy. Martin initially filed a motion for summary judgment, which was granted. World Fuel appealed the order granting summary judgment to the Ninth Circuit Court of Appeals, which then reversed the Oregon district court. Subsequently, there was more discovery and a two-day trial leading the Oregon district court to enter detailed findings of fact and conclusions of law in favor of Martin. World Fuel appealed again to the Ninth Circuit Court of Appeals, but this time that court affirmed in favor of Martin and upheld the trial court's ruling. World Fuel did not further appeal, and the litigation has concluded in favor of Martin. As a result of Martin's prior settlement with the Trustee, the estates will now receive a distribution of over $3.8 million (the "Martin Distribution") on account of the fraudulent transfer settlement.

        4.        By this Motion, the Trustee seeks an order, out of an abundance of caution, permitting him to accept the proposed Martin Distribution to complete the Martin Settlement.

**Jurisdiction**

5.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The statutory bases for the relief requested herein are section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

8.     By this Motion, the Trustee seeks entry of an order, out of an abundance of caution: (a) authorizing the Trustee to complete the Martin Settlement by accepting the Martin Distribution; and (b) granting related relief.

**Background**

**A.     General Background**

9.     On December 31, 2013 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code.  Alfred T. Giuliano was appointed as the Trustee.

10.    Based in McMinnville, Oregon, the Debtors were a privately-held global aviation services company that was a leading provider of diversified air cargo transportation and aviation support services under the Evergreen name.

**B.     3800 Property, Martin Settlement, and World Fuel Litigation**

11.  On September 30, 2015, the Trustee filed a motion to establish global bidding procedures for the sales of various real properties on the Evergreen campus in McMinnville, Oregon [Docket No. 610] (the "Bid Procedures Motion"), and, on October 15, 2015, the Court entered the bidding procedures order (the "Bid Procedures Order") [Docket No. 624].

12.  Following auctions of certain properties, the Court later entered orders approving the sales of certain of the Evergreen campus properties.

13.  On November 24, 2015, the Court entered an order [Docket No. 673] approving the sale of the 3850/3930/3950 Property to Kit Johnston Farms, as buyer, for the purchase price of $3,000,000. *See also* Docket No. 978 (sale report).

14.  On January 12, 2016, the Court entered an order [Docket No. 723] approving the sale of the 3500/3600 Property to Jackson Family Wines, Inc., as buyer, for the purchase price of $4,600,000. *See also* Docket No. 977 (sale report).

15.  The only remaining property that the Trustee was unable to sell due to various legal and logistical impediments, as further described below, was the 3800 Property.

16.  The Trustee, on behalf of the estate of Debtor Evergreen International Aviation, Inc. ("Aviation"), asserted that Aviation is the owner of the building known as 3800 NE Three Mile Lane, McMinnville, Oregon 97128 (the "3800 Building"), although it sits on land titled in the name of non-debtor Evergreen Holdings, Inc. ("Holdings"). Holdings is the purported owner of the land (the "3800 Land") on which the 3800 Building sits (the 3800 Building and 3800 Land are collectively referred to as the "3800 Property").

17. Martin holds a secured first priority lien against the 3800 Property in the original principal amount of $4,200,000 (the "Martin Lien"). The Martin Lien includes interest at the note rate of 15%, plus all cost to preserve collateral as set forth below.

18. World Fuel obtained a judgment against Holdings, the owner of the 3800 Land after the Debtors filed for bankruptcy. World Fuel asserted that its judgment is not only against the 3800 Land but against the entire 3800 Property; however, the Trustee asserted that the 3800 Building is property of the estate of Aviation, and the judgment should be avoided. The Trustee, Martin, and World Fuel have participated in no less than 3 mediations – with 3 separate mediators -- since March 2015, attempting to resolve their disputes. All the mediations were unsuccessful.

19. On December 11, 2015, the Trustee filed a complaint (the "WF Complaint") against Holdings and World Fuel seeking various forms of relief, including, among others, the imposition of a constructive trust for the 3800 Property, avoidance of the World Fuel judgment lien, avoidance and recovery of fraudulent and preferential transfers made to World Fuel. *See* Adv. Docket No. 1, Adv. Pro. No. 15-51918 (MFW) (the "WF Adversary Proceeding"). Further information regarding the procedural history and status of the WF Adversary Proceeding are set forth in the various status reports that have been filed in that proceeding. *See* WF Adversary Proceeding, Adv. Docket Nos. 75, 76, 77, 78.

20. In addition, the Trustee, on behalf of Aviation's estate, asserted claims against Martin in connection with a certain secured loan agreement, including, but not limited to, avoidance and recovery of fraudulent transfers under Bankruptcy Code § 544, § 548, and § 550, and under applicable Oregon state law. In short, the Trustee alleged that Martin purportedly extended credit to Aviation through the Martin Lien, but for which Aviation received no benefits

of the extension of credit and was required to encumber assets, namely the 3800 Building, and that none of the loan proceeds were received by Aviation, but rather went, primarily, to Del Smith (the former owner of the Evergreen Aviation empire) and others.

21. Ultimately, after months of negotiations, the Trustee and Martin reached a settlement and sought approval from the Court.

22. On January 28, 2016, the Trustee filed a Rule 9019 motion to approve a settlement with Martin [Docket No. 726] (the "Original Martin 9019 Motion"). The Original Martin 9019 Motion was withdrawn in February 2016 after the Prepetition Lenders objected to certain releases in favor of the Debtors' former counsel in a separate settlement motion with Holdings that would have stipulated the 3800 Property into the Debtors' estates. Because the Original Martin 9019 Motion and the settlement with Holdings were tied together based on the 3800 Property as the shared fulcrum asset, the Original Martin 9019 Motion was withdrawn before court approval.

23. Thereafter, the Trustee participated in an additional mediation with Martin and World Fuel to resolve the parties' various disputes.

24. After many more months of negotiations, the Trustee and Martin reached a new settlement (the "Martin Settlement") and sought approval from the Court.

25. On February 15, 2017, the Trustee filed a Rule 9019 motion to approve the Martin Settlement [Docket No. 834] (the "Revised Martin 9019 Motion") resolving the allegations of the alleged fraudulent transfers by Martin.

26. World Fuel objected to the Revised Martin 9019 Motion [Docket No. 837], and the Trustee filed his reply [Docket No. 838] and a supporting declaration [Docket No. 842] explaining the terms of the settlement and basis for entering into the transaction. The Court

overruled World Fuel's objection at the hearing on the Revised Martin 9019 Motion. On March 8, 2017, the Court entered an order approving the Revised Martin 9019 Motion [Docket No. 844] (the "Martin Settlement Approval Order").

27. To create value to fund the settlement proceeds to the Trustee, the Martin Settlement provided for relief from stay to allow Martin to initiate a foreclosure proceeding or sheriff's sale against the 3800 Property based on Martin's "purported secured first priority lien" against the 3800 Property in the original principal amount of $4.2 million.

28. Martin subsequently foreclosed on the 3800 Property. Subsequent to Martin's foreclosure, on October 22, 2018, the 3800 Property was sold by Martin for $7.2 million, of which $1.5 million plus closing costs were paid in cash with the remaining amount of $5.7 million payable on contract over 12 months, which has since been extended many years by Martin.

C. **Oregon Litigation and Martin Foreclosure on 3800 Property**

29. Separately, on December 9, 2016, World Fuel filed a complaint against Martin in Oregon federal district court, captioned *World Fuel Services, Inc., v. Martin*, Case No. 3:16-cv-02303-MO (D. Oregon) (the "Oregon Litigation"), to some degree parroting the same fraudulent transfer allegations by Martin that the Trustee settled. As noted above, World Fuel and Martin (and thus, the Trustee had an interest in the 3800 Property based on the Martin Settlement) each claimed a financial interest in the 3800 Property as the asset that was intended to fund the Martin Settlement. Both parties alleged that the other's claim is based on a fraudulent conveyance under O.R.S. §§ 95.230-95.240 and should be avoided.

30. In the Oregon Litigation, World Fuel claimed that Martin's lien was a fraudulent conveyance under O.R.S. §§ 95.230–95.240 and sought a declaratory judgment that

Holdings' transfer of interest in the 3800 Property to Martin is void. Martin counterclaimed that World Fuel's transfers, including World Fuel's prejudgment attachment and claim of lien, and the judgment itself, are void under O.R.S. §§ 95.230–95.240.

31. In October and November 2017, Martin and World Fuel filed cross motions for summary judgment. On February 13, 2018, the Oregon court issued its opinion and order. The Oregon court: (a) granted summary judgment to Martin and denied summary judgment to World Fuel on World Fuel's fraudulent conveyance claim because World Fuel lacks standing to pursue its fraudulent conveyance claims as the Trustee has exclusive standing to bring such claims; (b) granted summary judgment to World Fuel on Martin's counterclaim because it would interfere with the Trustee's exclusive right to pursue such claim in the adversary proceeding and that even if Martin had standing, his counterclaim would be barred by the collateral attack doctrine based on World Fuel's February 2015 state court judgment for approximately $9 million against Holdings.

32. On March 5, 2018, World Fuel appealed the decision to the U.S. Court of Appeals for the Ninth Circuit. On May 15, 2019, the Ninth Circuit reversed and remanded to the Oregon district court. The Ninth Circuit held that the Oregon district court erred when it determined on summary judgment that World Fuel lacked standing to bring the fraudulent transfer claims because the "Delaware Bankruptcy Court determined that Aviation's settlement agreement with Martin did not independently give Aviation any interest in the property; rather, Aviation's claim is limited to an as-yet unresolved equitable interest asserted in the pending bankruptcy proceeding. Thus, whether Aviation has any interest in the property is a disputed question of fact."[2]

---

[2] *See World Fuel Services, Inc. v. Martin*, No. 18-35164, 770 Fed. Appx. 359, 360 (9th Cir. May 15, 2019) (available at http://cdn.ca9.uscourts.gov/datastore/memoranda/2019/05/15/18-35164.pdf).

33. After remand to the Oregon district court, the parties briefed cross summary judgment motions, and on March 9, 2020, the Oregon district court denied World Fuel's summary judgment motion as to its claim for fraudulent conveyance and as to Defendants affirmative defenses of parent-subsidiary transaction, right to lien, and identity of interest, and the court granted World Fuel's summary judgment motion as to all of Martin's additional affirmative defenses. The court also denied Martin's cross-motion for summary judgment.

34. In April 2020, the Oregon district court entered an order reopening discovery. The court later entered an order setting a trial date. A two-day bench trial in the Oregon Litigation was held on February 23 and 24, 2021. On February 24, 2021, the Oregon district court issued a bench ruling dismissing World Fuel's claims.

35. On March 17, 2021, the Court formally entered its judgment of dismissal, dismissing World Fuel's claim with prejudice and entitling Martin to lien for $4,200,000 pursuant to O.R.S. 95.270(5)(a). *See World Fuel Servs. v. Martin*, 2021 U.S. Dist. LEXIS 64336 (D. Ore. Mar. 17, 2021).

36. On March 26, 2021, World Fuel again appealed to the Ninth Circuit. *See World Fuel Services, Inc. v. Andrew M. Martin*, Case No. 21-35233 (9th Cir.). The parties (including the Trustee) participated in a mediation of the appeal with Ninth Circuit mediator in June 2021 but the mediation was unsuccessful. Oral argument was held in May 2021.

37. On June 30, 2022, the Ninth Circuit issued its ruling affirming the trial court decision in favor of Martin and against World Fuel.[3]

38. As noted above, Martin foreclosed on the 3800 Property and sold the 3800 Property during the course of the Oregon Litigation. The Oregon district court previously

---

[3] *See World Fuel Services, Inc. v. Martin*, 2022 U.S. App. LEXIS 18214 (9th Cir. June 30, 2022) (available at https://cdn.ca9.uscourts.gov/datastore/memoranda/2022/06/30/21-35233.pdf).

ordered the proceeds of the sale of the 3800 Property be held in trust pending the outcome of the Oregon Litigation.  Now that the Oregon Litigation has concluded and the appeal deadline has expired, Martin is prepared to remit the sale proceeds to the Trustee in the amount of $3,873,528.72.  Attached to this Motion as **Exhibit B** is a reconciliation of the 3800 Property sale proceeds and of the amounts to be paid by Martin to the Trustee for the Martin Distribution that resolves the Trustee's asserted fraudulent transfer claims under the Martin Settlement.

### Basis for Relief

39. Section 105(a) of the Bankruptcy Code provides that: "[t]he court may issue any order or process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings.  *See, e.g.*, *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004); *see also Local Loan Co. v. Hunt,* 292 U.S. 234, 240 (1934) ("[C]ourts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.").

40. In addition, paragraph 5 of the Martin Settlement Approval Order provides that:

> The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the [Martin Settlement] or this Order.

Martin Settlement Approval Order ¶5.

10

41. The Trustee submits that section 105, the Court's inherent power, and the Court's retention of jurisdiction in the Martin Settlement Approval Order provides the Court with the authority to implement the relief requested in this Motion.

42. Here, approval of the relief is warranted in these circumstances. The Martin Distribution is property of the estate as a settlement of the asserted fraudulent transfer claims pursuant to the previously-approved Martin Settlement. The Trustee, out of an abundance of caution, seeks the Court's approval to accept receipt of the proceeds as outlined in **Exhibit B** to this Motion to complete the Martin Settlement.

## Notice

43. The Trustee has provided notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; and (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: October 6, 2022          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
           pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee