# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) <br> EVERGREEN INTERNATIONAL ) Case No. 13-13364 (MFW) <br> AVIATION, INC., *et al.*,[1] ) <br> ) Jointly Administered <br> Debtors. ) <br> ) **Objection Deadline:** <br> ) **October 19, 2022, 4:00 p.m. (ET)** <br> ) <br> ) **Hearing Date:** <br> ) **October 26, 2022, 2:00 p.m. (ET)** <br> ) <br> ) **Re: D.I. 1000** |

## OBJECTION AND RESERVATION OF RIGHTS OF
## WORLD FUEL SERVICES, INC. REGARDING THE MOTION OF
## ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER
## IMPLEMENTING MARTIN SETTLEMENT AND GRANTING RELATED RELIEF

Creditor World Fuel Services, Inc. ("WFS") files this objection ("Objection") to the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, for Order Implementing Martin Settlement and Granting Related Relief* [D.I. 1000] (the "Motion")[2], and in support, states as follows:

1. As set forth in the Motion, on March 8, 2017, the Court entered the *Order Granting Motion of Alfred T. Guliano, Chapter 7 Trustee, to Approve Settlement Agreement with the Martin Parties* [D.I. 844] (the "Settlement Order"), approving a settlement (the "Settlement") between Alfred T. Guliano as chapter 7 trustee (the "Trustee") and, *inter alios*, Andrew Martin.

2. The Trustee fails to make clear what relief it seeks in the Motion beyond what the Court approved with respect to the Settlement, other than perhaps the specific apportionment of

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' former address was 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to such term in the Motion.

funds between Martin and the Debtors' estate, as proposed in Exhibit B to the Motion (the "Reconciliation").

3. However, the Reconciliation lacks sufficient information for WFS, any other creditor, or the Court, to evaluate whether the proposed apportionment of funds is in keeping with the terms of the Settlement or is otherwise fair or equitable.

4. For instance, per the Reconciliation, the amounts to be retained by Martin and to be paid to the Debtors' estate are calculated using figures related to the sale of the 3800 Property, such as proceeds and interest, and certain credits in favor of Martin in excess of $1,700,000, with each line item in the Reconciliation referencing a "Source" identified as Exhibits A through M.

5. However, none of the referenced exhibits are attached to the Motion and it is not otherwise clear what substantiation has been provided for the more than $1,700,000 in costs and expenses to be paid to Martin.

6. Further, it is not clear, without such substantiation and/or other documentation, that the costs and expenses the Trustee proposes to pay Martin are authorized or required to be paid pursuant to the terms of the Settlement.

7. For instance, the Settlement provides that Martin is entitled to receive $2,500,000, plus certain listed costs for preservation of the property and foreclosure-related expenses, capped at $25,000 if the foreclosure is unopposed and a negotiated cap commensurate with expected legal fees if the foreclosure is opposed. *See* Settlement ¶ 7.a. (Settlement Order, Ex. 1). The Motion does not include sufficient information to evaluate whether Martin is entitled to the various costs and expenses listed, including significant legal fees (more than $800,000 in legal fees and expenses), pursuant to the terms of the Settlement.

131032151.1

8.      WFS respectfully submits that the Trustee and Martin must provide sufficient documentation and otherwise substantiate the apportionment sought in the Motion. WFS reserves all rights to object to the apportionment of funds proposed in the Motion upon receiving substantiating information for such apportionment.

9.      Further, in the *Objection and Reservation of Rights of World Fuel Services, Inc. Regarding the Motion of Alfred T. Guliano, Chapter 7 Trustee, to Approve Settlement Agreement with the Martin Parties* [D.I. 837], WFS reserved all rights and defenses with respect to the Settlement regarding, *inter alia*, the WF Adversary Proceeding between the Trustee and WFS. WFS continues to reserves all rights and defenses with respect to the WF Adversary Proceeding and any provisions of the Settlement Agreement and the Motion and the relief sought therein that is or could be construed as impairing in any way the rights of WFS.

WHEREFORE, World Fuel Services, Inc. respectfully requests that the Court require sufficient substantiation for the apportionment of funds proposed in the Motion prior to further consideration of the relief requested in the Motion, provide for a reservation of World Fuel Services, Inc's rights with respect to any impact the Motion may have on the WF Adversary Proceeding or otherwise, and grant such further relief as the Court deems just and proper.

Dated: October 19, 2022                   Respectfully submitted,

*/s/Nader A. Amer*
Nader A. Amer (DE Bar No. 6635)
CARLTON FIELDS, P.A.
2 MiamiCentral
700 NW 1st Avenue, Suite 1200
Miami, Florida 33136-4118
Telephone: (305) 530-0050
Facsimile:  (305) 530-0055
Email: namer@carltonfields.com

*Attorneys for World Fuel Services, Inc.*