# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-13364 (MFW)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 1000, 1002** |

**REPLY IN SUPPORT OF MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER IMPLEMENTING MARTIN SETTLEMENT AND GRANTING RELATED RELIEF**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby submits this reply (the "Reply") in support of the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, for Order Implementing Martin Settlement and Granting Related Relief* (the "Motion")[2] [Docket No. 1000] and in response to the objection and reservation of rights (the "Objection") [Docket No. 1002] filed by World Fuel Services, Inc. ("World Fuel"). In further support of Motion, the Trustee respectfully states as follows:

## Reply

1. No good deed goes unpunished. The Trustee filed the Motion seeking, out of abundance of caution, the Court's approval of his receipt of proceeds from the earlier court-approved Martin Settlement. The Trustee seeks this Court's approval for several reasons: (a) the lapse of time since the Martin Settlement approval; (b) the intervening litigation issues that arose

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (0952); and Supertanker Services, Inc. (3389). The Debtors' former address was 3850 Three Mile Lane, McMinnville, Oregon 97128.

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

in the Oregon Litigation (i.e. requiring escrow of the sale proceeds, etc.); (c) the large amount of the Martin Distribution to the estates (over $3.8 million) that represents the largest and now sole-remaining source of recovery for the estates; and (d) due to the associated reconciliation of fees and expenses deducted from the proceeds based on the fee/expense sharing provision of the Martin Settlement, the Trustee wanted to provide full disclosure to the Court before accepting the proceeds, which are property of the estates. Nothing about the Martin Distribution itself is problematic, and the Trustee, in his discretion, could have chosen to accept the funds without seeking court approval since this Court already approved the underlying settlement and the mechanisms for payment to the Trustee and the estates.

2. Undoubtedly, had the Trustee not sought court approval, World Fuel would be complaining to this Court about the lack of transparency. Having lost the Oregon Litigation and relegated to a general unsecured creditor, World Fuel now comes back to this Court seeking to attack a simple receipt of funds from a settlement that was approved over five years go over World Fuel's objection to that settlement. And, now that the Trustee seeks this Court's approval, World Fuel is still complaining about the lack of information, despite the reconciliation disclosure attached as Exhibit B to the Motion. Nonetheless, in the interest of fuller disclosure, attached to this Reply as **Exhibit 1** is a more detailed reconciliation of the fees and expenses deducted from the escrowed sale proceeds after Martin's foreclosure on the 3800 Property (which was separately and previously provided to World Fuel). All of the fees and expenses deducted from the sale proceeds are permitted under the approved Martin Settlement.

3. World Fuel's Objection makes two arguments: (1) the reconciliation is not detailed enough; and (2) it must reserve all rights regarding the WF Adversary Proceeding. The Objection should be overruled because: (1) the issues of fees and expense sharing in the Martin

Settlement were already litigated five years ago and are now barred by collateral estoppel; and (2) approval of the Motion has no impact on the WF Adversary Proceeding, and the Trustee will determine how and when to move forward with the WF Adversary Proceeding.

A.     **The Objection is barred by collateral estoppel**

4.     World Fuel's unnecessarily litigious approach to this case has done nothing but run up administrative costs for the estates and drain potential creditor recoveries for years.  Its latest attack on the Motion is nothing more than a second improper attempt to oppose the Martin Settlement.  Yet the Objection is barred by collateral estoppel.  This Court already overruled World Fuel's objection to the Martin Settlement at the March 8, 2017 hearing to approve the settlement.  Indeed, one of the arguments World Fuel raised in objecting to the Martin Settlement back in 2017 was the fee and expense sharing provisions—the exact same issues that it complains about now.  *See* D.I. 837 (World Fuel objection to Revised Martin 9019 Motion) at ¶¶18-19 (objecting to the fee and expense sharing provisions in the Martin Settlement); D.I. 838 (Trustee's reply to Martin Revised 9019 Motion) at ¶20 (discussing importance of fee and expense sharing provisions).   However, the Court directly overruled this argument in its ruling to approve the settlement, and it found those provisions reasonable under Bankruptcy Rule 9019.  *See* 3/8/17 Hrg. Tr. at 24-25 ("I am not troubled at all by the sharing of fees or expenses that is articulated in the settlement. I think that's a reasonable term of the settlement, and again, I will not be having a mini trial on the issues or nitpicking the specific terms of the settlement agreement.").

5.     Since this issue was already litigated—and the Court specifically overruled World Fuel on this very issue—it cannot come back to this Court complaining about the reconciliation (and the irony of all of this is that the fees and expenses are substantially

3

higher simply due to the years of World Fuel's litigiousness in the Oregon Litigation). World Fuel's argument in the Objection is barred by collateral estoppel. "Issue preclusion, also known as collateral estoppel, prevents parties from relitigating an issue that has already been actually litigated." *In re RTI Holding Co., LLC*, No. 20-12456, 2021 Bankr. LEXIS 2952, at *20 (Bankr. D. Del. Oct. 27, 2021) (citing *Peloro v. United States*, 488 F.3d 163, 174 (3d Cir. 2007)). The prerequisites of applying issue preclusion are satisfied when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Peloro*, 488 F.3d at 174-75.

6.  All the requirements for collateral estoppel are present here: (1) the issues about the reconciliation are the same fee and expense sharing provisions in the Martin Settlement that the Court found reasonable; (2) the issue was actually litigated because World Fuel raised those issues in its objection to the Revised Martin 9019 Motion [*see* D.I. 837] and the Trustee in his reply [*see* D.I. 838]; (3) the Court made a specific ruling that those terms of the Martin Settlement were reasonable; and (4) the determination about the fee and expense sharing were key features of the Martin Settlement and were essential to the Court's approval. *See Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. (UAW) v. Visteon Corp.*, 2015 U.S. Dist. LEXIS 88886, (D. Del. July 9, 2015) (issue litigated where part of substantive briefing and testimony offered at hearing); *Dex Media, Inc. v. Yellow Pages Photos, Inc. (In re Dex Media, Inc.)*, 564 B.R. 208, 216 (Bankr. D. Del. 2017) (counterclaims barred by collateral estoppel where two dependent issues – whether a contract was executory and whether a license was transferred – were already litigated in the course of a prior assumption motion and administrative claim motion).

7. Accordingly, the Objection must be overruled on this point.

**B.  Reservation of Rights Regarding the WF Adversary Proceeding**

8. World Fuel also argues that it must reserve all rights and that the Motion should not impact its rights in the WF Adversary Proceeding. To begin with, approval of the Motion has nothing to do with the WF Adversary Proceeding. The Trustee, however, has no issues with including appropriate and reasonable reservation of rights language in the proposed order to approve the Motion so that it makes clear there is no impact on World Fuel's rights in that adversary proceeding. Now that the Oregon Litigation is final and concluded and, after receipt of the Martin Distribution, the Trustee will evaluate how and when to move forward, if necessary, in the WF Adversary Proceeding. But he should not be rushed into a decision either way simply because he filed this Motion.

## Conclusion

WHEREFORE, for the reasons set forth above, the Objection should be overruled, and the Court should grant the Motion, and grant such other relief as is just and proper.

Dated: October 24, 2022                PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
           pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee

5