**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| EVERGREEN INTERNATIONAL AVIATION, INC., *et al.*,[1] | : | Case No. 13-13364 (MFW) |
| | : | |
| Debtors. | : | Hearing Date: May 24, 2023 @ 2:00 p.m. (ET) |
| | : | Objection Deadline: May 17, 2023 @ 4:00 p.m. (ET) |

**FIRST INTERIM APPLICATION OF GIULIANO MILLER AND COMPANY, LLC AS ACCOUNTANTS AND FINANCIAL ADVISORS TO THE CHAPTER 7 TRUSTEE FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 31, 2013 THROUGH DECEMBER 31, 2022**

| | |
|---|---|
| Name of Applicant: | Giuliano Miller and Company, LLC. |
| Authorized to Provide Professional Services to: | Alfred T. Giuliano, Chapter 7 Trustee |
| Date of Retention: | February 24, 2014, *nunc pro tunc* to December 31, 2013 |
| Period for which compensation and reimbursement is sought: | December 31, 2013 through December 31, 2022 |
| Amount of Compensation sought as actual, reasonable and necessary: | $ 1,267,192.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $      35,738.54 |

This is an:  1st  interim  _____ Final application

*The cumulative fee application preparation time incurred is $45,485.50 or 3.6% of the total cumulative fees.*

**FEE APPLICATION HISTORY**
Prior Applications:  None.

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows:  Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (1052); and Supertanker Services, Inc. (3389).  The Debtors address is:  3850 Three Mile Lane, McMinnville, Oregon 97128.

**ATTACHMENT B – LOCAL FORM 102/RULE 2016-2
COMPENSATION BY PROFESSIONAL FOR THE PERIOD
DECEMBER 31, 2013 THROUGH DECEMBER 31, 2022**

| Name of Professional | Position of Applicant (Certifications) | BS/BA Degree | Total Hours Billed | Hourly Rate ($) | Gross Amount ($) | Adjustment ($) | Net Amount ($) |
|---|---|---|---|---|---|---|---|
| Alfred T. Giuliano | Member CPA, CIRA, CFE, CDBV | 1978 | 50.4 | 595 | 29,988.00 | 0.00 | 29,988.00 |
| | | | 27.6 | 625 | 17,250.00 | 0.00 | 17,250.00 |
| | | | 5.0 | 650 | 3,250.00 | 0.00 | 3,250.00 |
| | | | 0.3 | 675 | 202.50 | 0.00 | 202.50 |
| | | | 5.8 | 725 | 4,205.00 | 0.00 | 4,205.00 |
| Donna M. Miller | Manager CPA/CFF, CIRA, MBA, CDBV | 1980 | 314.7 | 450 | 141,615.00 | (11,925.00) | 129,690.00 |
| | | | 250.2 | 475 | 118,845.00 | 0.00 | 118,845.00 |
| | | | 7.8 | 495 | 3,861.00 | 0.00 | 3,861.00 |
| | | | 0.8 | 520 | 416.00 | 0.00 | 416.00 |
| | | | 89.2 | 545 | 48,614.00 | 0.00 | 48,614.00 |
| | | | 5.9 | 575 | 3,392.50 | 0.00 | 3,392.50 |
| Robert E. Edwards | Manager CIRA | 1980 | 630.2 | 450 | 283,590.00 | (13,680.00) | 269,910.00 |
| | | | 125.7 | 475 | 59,707.50 | 0.00 | 59,707.50 |
| | | | 6.8 | 495 | 3,366.00 | 0.00 | 3,366.00 |
| | | | 0.3 | 520 | 156.00 | 0.00 | 156.00 |
| Laura A. Goldberg | CPA | 1981 | 12.1 | 340 | 4,114.00 | 0.00 | 4,114.00 |
| | | | 0.5 | 360 | 180.00 | 0.00 | 180.00 |
| | | | 0.1 | 395 | 39.50 | 0.00 | 39.50 |
| Lauren A. Mastalski | CPA | 2000 | 36.4 | 375 | 13,650.00 | 0.00 | 13,650.00 |
| Michael G. Infanti | Senior Staff CPA, CIRA, CFE, CDBV | 2003 | 227.0 | 375 | 85,125.00 | (8,850.00) | 76,275.00 |
| | | | 164.4 | 395 | 64,938.00 | 0.00 | 64,938.00 |
| | | | 10.5 | 425 | 4,462.50 | 0.00 | 4,462.50 |
| | | | 0.3 | 450 | 135.00 | 0.00 | 135.00 |
| | | | 22.7 | 500 | 11,350.00 | 0.00 | 11,350.00 |
| Dana M. Roach | Senior Staff | 2000 | 53.1 | 350 | 18,585.00 | 0.00 | 18,585.00 |
| | | | 17.9 | 375 | 6,712.50 | 0.00 | 6,712.50 |
| | | | 12.0 | 395 | 4,740.00 | 0.00 | 4,740.00 |
| | | | 5.5 | 475 | 2,612.50 | 0.00 | 2,612.50 |
| Mandy Yip | Enrolled Agent | 1982 | 14.3 | 270 | 3,861.00 | 0.00 | 3,861.00 |
| | | | 0.2 | 290 | 58.00 | 0.00 | 58.00 |
| Marc S. Giuliano | IT Staff | 1984 | 265.8 | 270 | 71,766.00 | 0.00 | 71,766.00 |
| | | | 159.0 | 295 | 46,905.00 | 0.00 | 46,905.00 |
| | | | 0.2 | 315 | 63.00 | 0.00 | 63.00 |
| Bradley T. Giuliano | Staff, MBA, CIRA | 2011 | 570.8 | 270 | 154,116.00 | (2,551.50) | 151,564.50 |
| | | | 269.9 | 295 | 79,620.50 | 0.00 | 79,620.50 |
| | | | 26.7 | 325 | 8,677.50 | 0.00 | 8,677.50 |
| | | | 0.4 | 350 | 140.00 | 0.00 | 140.00 |
| | | | 2.5 | 375 | 937.50 | 0.00 | 937.50 |
| | | | 2.7 | 400 | 1,080.00 | 0.00 | 1,080.00 |
| Theresa A. Campbell | Paraprofessional | - | 10.4 | 180 | 1,872.00 | 0.00 | 1,872.00 |
| **TOTAL:** | | | **3,406.1** | - | **$1,304,199.00** | **$37,006.50** | **$1,267,192.50** |

**ATTACHMENT B – LOCAL FORM 102/RULE 2016-2
COMPENSATION BY PROJECT CATEGORY FOR THE PERIOD
DECEMBER 31, 2013 THROUGH DECEMBER 31, 2022**

| | PROJECT CATEGORY | TOTAL HOURS | GROSS FEES ($) | ADJUST. ($) | NET FEES ($) |
|---|---|---|---|---|---|
| 1. | **Case Background & Administration** – Review of petition, docket, and other case background information. | 35.2 | 13,679.50 | 0.00 | 13,679.50 |
| 2. | **Bank Account & Insurance Analysis** – Reconcile bank accounts and review activity including insurance premium refunds. | 119.9 | 41,812.00 | 0.00 | 41,812.00 |
| 3. | **Reconcile & Analysis of Claims** – Analyze claims and claims requiring an accounting. | 42.1 | 11,869.50 | 0.00 | 11,869.50 |
| 4. | **Employee Related Issues & W-2's** – Review pension matters and employee related notices. | 223.2 | 84,241.00 | 0.00 | 84,241.00 |
| 5. | **Fee Applications** – Prepare firm's employment and fee applications and motions to employ. | 83.3 | 45,785.50 | 0.00 | 45,785.50 |
| 6. | **Litigation Support** – Provide assistance on litigation matters, excluding avoidance matters. | 354.7 | 154,032.50 | 0.00 | 154,032.50 |
| 7. | **Preferences and Fraudulent Transfers Analysis** – Prepare analyses for preferences including defenses and gather supporting documentation. | 397.8 | 121,026.00 | 0.00 | 121,026.00 |
| 8. | **Accounting** – Perform general accounting and financial analysis of Debtors' assets and liabilities. | 610.9 | 241,071.00 | 0.00 | 241,071.00 |

## ATTACHMENT B – LOCAL FORM 102/RULE 2016-2
## COMPENSATION BY PROJECT CATEGORY
## FOR THE PERIOD DECEMBER 31, 2013 THROUGH DECEMBER 31, 2022

| | PROJECT CATEGORY | TOTAL HOURS | GROSS FEES ($) | ADJUST. ($) | NET FEES ($) |
|---|---|---|---|---|---|
| 9. | **Cash Collateral** – Review/prepare budgets for estates' use of cash collateral. | 102.6 | 41,862.50 | 0.00 | 41,862.50 |
| 10. | **Access and Inventory Records** – Obtain access into databases, download information, and inventory/store records. | 269.0 | 99,453.00 | 0.00 | 99,453.00 |
| 11. | **Tax Preparation and Services** – Review and respond to various tax notices (including income, payroll, sales and use), preparing and filing returns when necessary. | 100.5 | 41,953.50 | 0.00 | 41,953.50 |
| 12. | **Asset Recovery & Analysis** – Identify potential assets through forensic accounting research of records; evaluate/prepare claims in class action suits and bankruptcies. | 569.6 | 208,710.50 | 0.00 | 208,710.50 |
| 13. | **Insolvency Analysis** – Determine an entity's financial state and if they are able to pay their obligations when due. | 14.1 | 6,444.50 | 0.00 | 6,444.50 |
| 14. | **Lease Analysis** - Review leases and compute outstanding lease obligations. | 0.8 | 216.00 | 0.00 | 216.00 |
| 15. | **Due Diligence** - Provide accounting support in sale processes. | 0.0 | 0.00 | 0.00 | 0.00 |
| 16. | **Travel (Reduced by ½ normal rate)** | 179.9 | 74,013.00 | (37,006.50) | 37,006.50 |
| 17. | **Forensic Investigation** – Analyze and evaluate evidential matter and to interpret and communicate findings for possible legal action. | 284.0 | 112,084.50 | 0.00 | 112,084.50 |
| 18. | **Financial Advisory Services** – provide financial advising services for corporate and individual clients. | 18.5 | 5,944.50 | 0.00 | 5,944.50 |
| | **Total:** | 3,406.1 | $1,304,199.00 | $(37,006.50) | $1,267,192.50 |

**ATTACHMENT B - LOCAL FORM 102/RULE 2016-2**
**EXPENSE SUMMARY**
**DECEMBER 31, 2013 THROUGH DECEMBER 31, 2022**

| EXPENSE CATEGORY | SERVICE PROVIDER/ DESCRIPTION | TOTAL EXPENSES ($) |
|---|---|---|
| **Computer Assisted Legal Research** | Pacer pages 1,429 @ .10 each | 142.90 |
| **Facsimile** | @ $1 each | |
| **Long Distance Telephone** | | |
| **In-house Copying** | 33,911 Copies @ $.10 each | 3,391.10 |
| **Outside Copying** | | |
| **Local Travel** | | |
| **Out-of-Town Travel** | Airfare | 12,046.88 |
| | Mileage | 479.51 |
| | Parking/Tolls | 708.08 |
| | Car rental/taxi | 1,674.40 |
| | Meals | 3,830.29 |
| | Hotel | 5,145.89 |
| **Courier & Express Carriers** | Federal Express | 2,654.09 |
| **Certified mail/postage** | | 1,333.09 |
| **Shipping Materials** | | |
| **Other – Data Storage Fees** | | 3,179.96 |
| **Outside Services** | Supplies | 145.35 |
| **Tax Authorization Fees** | | 1,007.00 |
| **Grand Total:** | | **$35,738.54** |

DOCS_DE:242994.1 31265/001

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: : | Chapter 7 |
| : | |
| EVERGREEN INTERNATIONAL : | Case No. 13-13364 (MFW) |
| AVIATION, INC., *et al.*,[1] : | |
| : | |
| Debtors. : | Hearing Date: May 24, 2023 @ 2:00 p.m. (ET) |
| : | Objection Deadline: May 17, 2023 @ 4:00 p.m. (ET) |

**FIRST INTERIM APPLICATION OF GIULIANO MILLER AND COMPANY, LLC, AS ACCOUNTANTS AND FINANCIAL ADVISORS TO THE CHAPTER 7 TRUSTEE FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD DECEMBER 31, 2013 THROUGH DECEMBER 31, 2022**

Pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Del. Bankr. LR 2016 - 2, Giuliano Miller and Company, LLC ("GMCO") files this Application for an Order Granting First Interim Compensation and Reimbursement of Expenses (the "Application") for services rendered as accountants and financial advisors for Alfred T. Giuliano, the Chapter 7 Trustee (the "Trustee").

By this Application, GMCO seeks an allowance of $1,267,192.50 for fees and $35,738.54 for reimbursement of actual and necessary expenses for the period December 31, 2013 through December 31, 2022 (the "Application Period"). In support of the Application, GMCO respectfully represents as follows:

**Background**

1.      On December 31, 2013, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are as follows: Evergreen International Aviation, Inc. (9079); Evergreen Aviation Ground Logistics Enterprise, Inc. (6736); Evergreen Defense & Security Services, Inc. (0118); Evergreen International Airlines, Inc. (7870); Evergreen Systems Logistics, Inc. (0610); Evergreen Trade, Inc. (1052); and Supertanker Services, Inc. (3389). The Debtors address is: 3850 Three Mile Lane, McMinnville, Oregon 97128.

2. On January 2, 2014, the Office of the United States Trustee appointed Alfred T. Giuliano as Chapter 7 Trustee for the cases, which appointment remains in effect [Docket No. 15].

3. On February 24, 2014, this Court entered an Order approving the employment of GMCO as Accountants and Financial Advisors for the Trustee (the "Retention Order") <u>nunc pro tunc</u> to December 31, 2013 [Docket No. 118]. The Retention Order authorizes GMCO to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses it incurred.

4. GMCO submits this Application to the Bankruptcy Court for an interim allowance of reasonable compensation for actual and necessary professional services provided to the Trustee and for reimbursement of actual and necessary out-of-pocket expenses incurred during the Application Period. All included services and costs for which GMCO seeks compensation were performed for, or on behalf of, the Trustee during the Application Period.

5. At all relevant times, GMCO has been a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code and has not represented nor held any interest adverse to these estates.

6. Furthermore, no payments have heretofore been made or promised to GMCO for services rendered or to be rendered in any capacity whatsoever in connection with these cases. There is no agreement or understanding between GMCO and any other person other than among the members of GMCO for the sharing of compensation to be received for services rendered in these cases.

7. The employees of GMCO who have rendered professional services in this case during the Application Period are listed in **Attachment B** of this Application, which form is

included directly behind the cover sheet of this Application. In compliance with the Retention Order, the terms of GMCO's employment are as follows: GMCO charges accounting fees on an hourly basis at its normal and customary hourly rates, which are set in accordance with each accountant's position, seniority and expertise. For each professional, years of professional experience, hourly rate and total hours of service rendered are detailed in **Attachment B** of this Application.

8. During the Application Period, GMCO provided accounting services to the Trustee in connection with the estates of the Debtors. The services performed by GMCO on behalf of the Trustee include, without limitation, the following:

a) Performed background review at the start of the case including a review of a memorandum prepared by Debtors' counsel containing, the Debtors' bankruptcy schedules, statements of financial affairs and workpapers that were used to prepare the schedules and conducted an internet search.

b) Traveled to the Debtors' location in McMinnville, Oregon, in January 2014 to meet with in-house counsel, the officers, controllers, and other accounting and tax personnel to obtain and understanding of the Debtors' operations and interaction with several non-debtor related entities and the joint owner that controlled the entities, the accounting systems, and the records.

c) Traveled to the Debtors' location in Marana, Arizona, in January 2014 to observe the inventory there consisting of the airplane/helicopter parts.

d) Prepared a cash collateral budget and reported the actual results against the budget. The budget was required so that the Trustee could retain key Debtor personnel at

    the beginning of the cash to assist with his liquidation of the assets. GMCO assisted the Trustee with the related payroll calculations for the retained personnel.

e) Traveled to the Debtors' location in McMinnville, Oregon, in February 2014 to meet with Trustee's Counsel to begin a forensic investigation of the intertwined operations between Debtors and related parties for possible fraudulent transfers. GMCO had observed that the non-Debtor facilities and Debtor facilities were located on the same campus comprising several acres, and included vineyards, an air and space museum, a theatre, and a waterpark. The forensic investigation that followed was extensive and required a review of sale transactions, stock transactions, financing transactions, real estate transfers and sales, loans, and airplane leasing arrangements. GMCO reviewed the books and records of both the non-Debtor entities (where available) and Debtor entities that included numerous bank statements and wire transfers, financing and closing documents, income tax returns, invoices, general ledger activity, including numerous intercompany account and loan accounts and journal entries, loan notes, and emails. GMCO also conducted interviews with officers, employees, and in-house legal counsel, and searched public information such as the SEC, county real estate records, and news articles. The Trustee and Trustee's Counsel were updated throughout the process of our findings and provided with documents as requested. Trustee's Counsel made recommendations to the Trustee based on the legal merits and cost/benefit of the findings for possible causes of action.

f) Reviewed utilities invoices for Debtor and non-Debtor properties on the shared campus to determine proper amounts were charged to the Debtors.

g) Traveled to the Debtors' location in McMinnville, Oregon, in March 2014 to assist with the backup and transfer of records to the Trustee. GMCO assisted with the backup of several accounting systems, obtained paper reports for some of the systems, oversaw the backup of the email systems, reviewed the records in storage at the Turkey Barn, and tagged the physical records on site so that they could be relocated to the Trustee's facility in New Jersey.

h) Traveled to JFK airport in New York in March 2014, to observe the aircraft left on site. GMCO also investigated the theft of items that were taken from the airport and prepared a report for the Trustee to make a criminal referral to the U.S. Trustee's Office.

i) Prepared a detailed accounting of estate funds on hand, and estimated to be available, for purposes of making distributions to the secured creditor.

j) Supplied Debtors' information as requested for a worker's compensation audit.

k) Coordinated the distribution of the 2013 W-2's and provided copies to certain employees that did not receive them.

l) Reviewed paid insurance premiums for the return of unearned amounts and proper allocations between Debtors and non-Debtors.

m) Reviewed form 5500 prepared by a third party and assisted prior management with the electronic filing.

n) Met with the Debtors' tax compliance person, David Weeks, to obtain an understanding of the tax corporate structure of the entities. (Note: Consolidated income tax returns were filed at the Holdings company level, a non-Debtor).

10

GMCO determined the status of other taxes due including property, real estate, and sales and use.

o) Prepared a separate preference analysis for payments made in the 90-day reach-back period. The analyses were prepared from the electronic data files of the separate accounting systems and bank accounts. GMCO prepared a summary report for each Debtor, and detailed schedules for each vendor that included analyses for ordinary course and new value. GMCO also prepared consolidated versions of the analyses at counsel's request and located supporting documentation at counsel's request.

p) Reviewed records for possible fraudulent transfers arising from payments made by Evergreen International Aviation, Inc., on behalf of non-Debtor entities. After reviewing the supporting documentation attached to the invoices, it was determined that the defendants appeared to have adequate defenses.

q) Assisted Trustee's Counsel in the World Fuel litigation, including providing numerous Debtor documents and analyses, and data for discovery requests. This information was critical to the Martin fraudulent conveyance litigation.

r) Prepared several analyses and provided documentation as requested in the Martin fraudulent conveyance litigation for the non-Debtor property located at 3800 NE Three Mile Lane, McMinnville, Oregon (the "helicopter building"). The Trustee was able to settle the Martin fraudulent conveyance for an estimated $3.8M.

s) Responded to Counsel and conflict Counsel's requests for additional analyses and locating supporting documentation in preference adversary cases.

t) Summarized and accounted for numerous vehicle titles.

u) Reconciled and accounted for several Debtors' accounts receivable by vendor.

v) Researched and/or responded to vendor disputes and discrepancies based on a review of the Debtors' accounting records to the vendors' records.

w) Provided records and assistance to an insolvency expert engaged by the Trustee (Miller Coffey Tate).

x) Identified, gathered, and provided individual pilot records to numerous parties that were required by the FAA.

9. The nature of the work performed by GMCO is fully detailed in the billing entries kept by each accountant and paraprofessional. The detailed billing entries are attached hereto and made a part hereof as **Exhibit "A"**. In accordance with Del. Bankr. L.R. 2016-2, a summary and breakdown by project category of the services performed is set forth in **Attachment B** located directly behind the coversheet of this Application. The fees for travel time have been reduced by one half in accordance with Del. Bankr. L.R. 2016-2, and this adjustment is reflected in the net fees on **Attachment B**.

10. GMCO charged its normal hourly rates for work of this type. The reasonable value of the services rendered by GMCO to the Trustee for the Application Period is $1,267,192.50, after an adjustment to reflect travel time at ½ of the normal hourly rate.

11. In accordance with Del. Bankr. L.R. 2016-2, a summary of actual and necessary expenses incurred by GMCO for the Application Period is also set forth in **Attachment B**. GMCO adjusted the copying costs to comport with the Court's allowance of $.10 per page. Furthermore, detailed breakdowns of the expenses follow the detailed billing entries and are attached hereto and made a part hereto as **Exhibit "A"**.

12. In accordance with Del. Bankr. L.R. 2016-2, GMCO certifies that this Application complies with the Local Rules. See Certification of Donna M. Miller, CPA attached hereto as **Exhibit "B"**.

### Relief Requested

13. GMCO seeks an allowance and payment of $1,267,192.50 in fees and reimbursement of $35,738.54 in actual expenses, for the period December 31, 2013 through December 31, 2022.

14. Pursuant to Section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by GMCO for its accounting fees and costs is fair and reasonable given (a) the complexity of the case; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under this title. See 11 U.S.C. § 330. Furthermore, the request for reimbursement of expenses is for actual disbursements made by GMCO.

15. The Court is authorized to award compensation and allow an interim distribution of the compensation pursuant to 11 U.S.C. § 331.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**WHEREFORE**, GMCO respectfully requests that the Court enter the Order submitted herewith granting GMCO, for the period December 31, 2013 through December 31, 2022, an allowance of $1,267,192.50 as compensation for actual and necessary accounting services rendered, and $35,738.54 for reimbursement of actual expenses, for a total of $1,302,931.04 and grant such other and further relief as this Court may deem just and proper.

                                  **GIULIANO MILLER AND COMPANY, LLC**

                                  By:  */s/ Donna M. Miller*
                                        Donna M. Miller, CPA

                                  Accountants and Financial Advisors
                                  to Alfred T. Giuliano, Chapter 7 Trustee for the
                                  estate of Evergreen International Aviation, Inc., *et al.*

Dated:  May 3, 2023